Crawford v. The State.

CRAWFORD vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Charge to jury; what improper, when evidence is prima facie only.*—On the trial of an indictment for burglary, a charge by the court, "that if the jury believe the evidence they must find the defendant guilty," is improper, when the only evidence of guilt is *prima facie*, and founded wholly on the fact of the possession, by the accused, of the stolen goods.

2. *Proper practice in such case.*—The fairer practice in such cases is for the court to charge the law and leave the facts wholly to the jury.

3. *Possession of stolen property; explanation of, proper evidence to go to jury.*—One found in possession of a watch alleged to have been taken from a shop by the breaking into and entering the same with intent to steal, may explain his possession, and this explanation may go to the jury, with the proof of possession.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCaleb Wiley.

The facts are sufficiently stated in the opinion.

W. C. OATES, for prisoner.
JOSHUA MORSE, Attorney-General, *contra*.

[No briefs came into the Reporter's hands.]

PETERS, J.—This is an indictment for burglary against a colored man, found at the spring term of the circuit court of Henry county, in the year 1869. The defendant below was convicted and sentenced to the penitentiary for three years. From this sentence an appeal was taken to this court. In such cases, no assignment of errors, nor joinder in error is necessary, " but the court must render such judgment on the record as the law demands."—Revised Code, § 4314.

There were two counts in the indictment, but the second was abandoned, and the trial was had only upon the first. The record shows that the charge upon which appellant was tried and convicted in the circuit court, was that he " broke into and entered the shop of Council Bachelor with intent to steal." To this charge, the defendant pleaded " not guilty."

The evidence offered by the prosecution was merely *prima facie*. It might all have been true, and yet the accused might not have been guilty, as charged. If such evidence is left wholly unexplained, it has been decided to be sufficient to sustain a conviction. But if there is any opposing testimony of such a character as tends, though in a very slight degree, to diminish the force of a mere *prima facie* showing, then there is room for reasonable doubt; and a charge on such evidence, that if the jury believe the evidence they must find the accused guilty, is going beyond the province of the court, and an invasion of the duties of the jury. In such a case, it is the fairer practice for the court to charge the law, and leave the effect of the testimony wholly to the consideration of the jury.

In this case, there was no direct proof of the breaking and entering the shop by the accused, except what was inferred from the fact, that the watch alleged to have been

taken, was found in his possession one week after it was missed from the shop. It was proven, that the light by the door was broken, and the indications were, that this had recently been done. All is made to turn upon the possession of the watch—that is, upon one single circumstance, which is but a link in the chain necessary to establish the guilt of the appellant. Without this, there was no proof against him. Evidence of this nature, says Mr. Starkie, is by no means conclusive, and it is stronger or weaker, as the possession is more or less recent.—2 Starkie on Ev. 449. At most, it affords but a slight degree of probability; but it does not necessarily remove all grounds for reasonable doubt; that is, such doubt as grows out of the evidence.

Here, there was some proof in explanation of the possession of the accused. When questioned about his possession, when the watch was first found on him, he explained his possession by declaring, that he had obtained it from another person by a purchase; that though this person was unknown to him, yet the purchase had been made in the presence of " one George Murphy, a colored man, who had gone home." This might have been a very weak explanation, but it was the right of the accused to explain his possession, and to show that it was honestly obtained; and if this explanation tended to exonerate him from guilt, he was entitled to have it considered by the jury.— *The State v. Merrick*, 19 Maine, 398 ; *Regina v. Evans*, 2 Cox, C. C. 270 ; 1 Ld. Cr. Cases, 360, 363 ; 3 Greenl. Ev. § 32.

The charge of the court has the effect to exclude this explanation from the jury. This was improper.

The conviction and sentence of the court below is, therefore, reversed, and the cause is remanded for a new trial. And the said Alfred Crawford, if sent to the penitentiary, will be returned to the jail of the county of Henry, in the State of Alabama, and there remain in custody until discharged by due course of law.