# Williams v. The State.

### Indictment for Grand Larceny.

1. *Declaration of defendant; admissible if a part of the res gestae of a pertinent existing fact.*—In order for exculpatory declarations of a defendant in a criminal case to be admissible in his favor they must be within the *res gestae* of some situation, condition or fact relevant to the issue of guilt *vel non;* and in a trial under an indictment for larceny, declarations of the defendant, explanatory of how he came into the possession of the stolen property, made after he had parted with the possession, are inadmissible.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for the larceny of a cow, and sentenced to the penitentiary for three years. On the trial of the cause, as is shown by the bill of exceptions, after the State had shown by the evidence that after the defendant had sold the cow, which he was accused of stealing, she was claimed from the purchaser by the rightful owner, and that the purchaser went to see the defendant and told him that the cow had been stolen, counsel for the defendant asked tho purchaser, who was examined as a witness : "What the accused said in reference to his possession of the cow when told that she had been stolen?" The bill of exceptions states that "the conversation here sought to be elicited occurred several hours after the owner had claimed the cow from the purchaser, and several hours after the defendant had sold the cow." The solicitor objected to the question asked by the defendant's counsel, and upon the court's sustaining the objection, the

[Williams v. The State.]

counsel for the accused stated to the court, that he expected to show by this witness, "that immediately upon being informed by witness that the cow had been stolen, that the accused at once replied that 'George Williams had brought the cow to his house the night before, and got him to take her to Mount Meigs and sell her for him, and that if the cow had been stolen, he did not know it.'" Thereupon the question was repeated, and the defendant duly excepted to the court sustaining the State's objection thereto. This is the only question presented on this appeal.

E. P. MORRISSETT, for appellant.—The testimony sought to be elicited by the qustion asked the purchaser of the cow, who was examined as a witness, was admissible in evidence.—*Henderson v. State*, 70 Ala. 25; *Crawford v. State*, 44 Ala. 47; 2 Bish. Crim. Pro., § 746.

W. C. FITTS, Attorney-General, for the State.—To admit the testimony offered by the defendant would have been to permit the accused to make evidence for himself; and the refusal to allow the introduction of this evidence was not erroneous.—*Oliver v. State*, 17 Ala. 587; *Chamblee v. State*, 78 Ala. 466; *Jordan v. State*, 81 Ala. 20; *Johnson v. State*, 94 Ala. 35.

McCLELLAN, J.—Exculpatory declarations of a defendant charged with crime are never admissible in his favor, unless they are within and constitute a part of the *res gestae* of some situation, condition or fact which is itself relevant to the issue of guilt *vel non*. In larceny and kindred offenses the possession by the defendant of the subject matter of the offense—the property taken—soon after the commission of the crime is a fact relevant to the issue, and, if unexplained, raises a presumption, of greater or less strength, as the possession is near to or remote from the time of the offense, that the defendant is guilty. His declarations explanatory of his possession in such case are admissible solely upon the ground that they are within the *res gestae* of a pertinent fact existing at the time they are made—the present possession of the stolen goods. If this fact has passed, if the defendant having at one time had, has at the time of making a declaration parted with, the possession, the decla-

ration does not spring out of, or throw light upon, or come within the *res gestae* in any sense of an existing relevant condition or situation, but is merely narrative of a past transaction and inadmissible because mere hearsay. The principle is the same in cases in which flight of one accused of crime is adduced as an evidence of guilt. Declarations of the defendant while in flight explanatory of his conduct are admissible for him because they are of the *res gestae* of a relevant contemporaneous fact—the flight itself ; but if made subsequently they. are narrative merely of a . past fact and incompetent.—*Chamblee v. State*, 78 Ala. 466. The cases cited by counsel for appellant do not sustain his position, that the trial court erred in excluding declarations of the defendant as to how he came into possession of the stolen animal made after he had parted with possession. In both of them the declarations offered in evidence were made by the defendant *upon being found in the possession* of stolen property—*Henderson v. State*, 70 Ala. 25 ; *Crawford v. State*, 44 Ala. 47 ; and it is not believed a case can be found in which declarations m.de after possession has been parted with were allowed to go in evidence in behalf of a defendant. Whether so or not, however, the law is otherwise. The city court properly excluded the proposed testimony, and its judgment must be affirmed.

