# Barber *v.* The State.

## *Assault With Intent to Murder.*

(Decided June 16, 1914. Rehearing denied June 30, 1914.
65 South. 842.)

1. *Witnesses; Impeachment; Contradiction.*—Where defendant testified that he cut the party in self-defense, and that as soon as he had cut loose he ran, the court properly permitted the solicitor on the cross to ask him. why he ran, since it is permissible on cross-examination to inquire of a hostile witness his purpose in doing certain acts which tends to impeach or otherwise discredit him as to material matters testified to by him.

[Barber v. The State.]

2. *Same.*—Where, on direct examination, defendant testified that after the cutting he ran away, the court properly permitted the solicitor to ask him if he had not heard before he came back that the party he had cut was not dead.

3. *Same; Leading Questions.*—Questions suggesting the answer desired or expected are properly refused as leading.

4. *Evidence; Absence of Witness.*—It was proper to decline to permit a witness to show to the jury that he had used every effort to subpoena a desired witness, but was unable to find him as that was a matter for the court to consider upon an application for a continuance.

5. *Appeal and Error; Harmless Error; Instruction.*—If when viewed as a whole, instructions are not prejudicial, a reversal will not follow, although when taken from the context and viewed independently they may be prejudicial.

6. *Assault With Intent to Murder; Evidence; Threats.*—Until there has been some evidence of self-defense, evidence of threats made by the assaulted party against the defendant does not become admissible.

7. *Same; Instructions.*—A charge asserting that there need not be actual danger of death or great bodily harm to justify the taking of human life, but if the circumstances attending the assault was such as to impress defendant with a reasonable belief that the assault was necessary to prevent death or great bodily harm, defendant would not be guilty, unless he was at fault in bringing on the difficulty, ignored the duty to retreat and was properly refused.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

George Barber was convicted of assault with intent to murder, and he appeals. Affirmed.

The objections to evidence sufficiently appear. The charge refused to defendant is as follows:

It is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life, but if the jury are satisfied from all the evidence in the case that the circumstances attending the cutting of Rogers, by the defendant, was such as to impress defendant with a reasonable belief at the time of the cutting of said Rogers that it was necessary in order to prevent death or great bodily harm to his person, then they must acquit defendant, unless they further find that defendant was not free from fault in bringing on the difficulty.

[Barber v. The State.]

The oral charge of the court excepted to is as follows:

By malice is meant a wicked intention or motive, not the result of sudden passion and passions suddenly engendered. Any wicked motive not the result of passion, suddenly aroused by something done by the person alleged to have been assaulted, the motive being to inflict upon him grievous bodily harm, and if done with a deadly weapon, would be such malice as is charged in that indictment, when taken in connection with the definition that I gave you with respect to the other degrees or other elements of homicide.

GARDNER GREENE, and S. W. TATE, for appellant. The court was in error in not permitting proof of threats. —*Green v. State,* 69 Ala. 9; *Roberts v. State,* 68 Ala. 164; *Burns v. State,* 49 Ala. 372. The court erred in permitting the solicitor to ask defendant why he ran, and also to ask him if he had not heard that Rogers was not dead before he came back. Charge 1 requested by appellant should have been given.—*Keith v. State,* 97 Ala. 32. The court erred in its oral charge instructing as to malice.—*Roberts v. State, supra; Compton v. State,* 110 Ala. 24.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—The court committed no error in sustaining the state's objection to the evidence offered by defendant tending to show threats made against defendant by the party assaulted, for the reason that at the time this evidence was offered there had been no evidence tending in the least to show that the defendant in committing the assault charged was acting in self-de-

fense. Such evidence of self-defense must precede the evidence as to threats in order to put the court in error for refusing to admit evidence of threats.—*Rutledge v. State,* 88 Ala. 89, 7 South. 335; 1 Mayf. Dig. 838, § 2.

Afterwards the defendant, as a witness for himself, testified, among other things, to a state of facts tending to show that he cut the party assaulted in self-defense, and then stated that as soon as he "cut loose" from such party and got up, he ran off across the cotton patch and went to Riverside. The solicitor, over the objection and exception of defendant, was then permitted to ask the witness on cross-examination, "What did you run for when you got up?" to which the witness replied, "Well, I wanted to stay away until I got ready to make bond to keep from being put in jail." It is entirely permissible on cross-examination to inquire of a hostile witness his purpose or motives in doing certain acts testified to by him, when such purpose or motive would tend to impeach or otherwise discredit the witness as to material matters testified to by him; hence the court committed no error in the matter mentioned.—*Hurst v. State,* 133 Ala. 96, 31 South. 933; 5 Mayf. Dig. 397, § 42.

There was likewise obviously no error on the part of the court in permitting the solicitor to ask the defendant in this connection "if he had not heard before he came back that the party assaulted by him was not dead."

The court declined to permit the defendant to make proof to the jury to the effect that a certain named witness he desired had been subpœnaed by him and that he had made every effort to get such witness at the trial. The matter of the witness' absence was one to have been addressed to the court, before entering upon the trial,

on an application for continuance, and was entirely immaterial to any issue before the jury.

The questions propounded by defendant's counsel to the defendant as a witness for himself, to which objections made by the solicitor were sustained, were patently leading, each suggesting to the witness the answer desired.

The only charge requested by defendant that was refused is clearly faulty, in that it ignores the doctrine of retreat. After the jury retired, they came back and requested of the court further instructions on the definition of malice, to certain portions of which further instructions, then given, the defendant excepted. These instructions, viewed as a whole, in the light of the evidence, furnish no just ground for complaint by defendant.—1Mayf. Dig. 602 et seq. Though some of the segregated portions, as singled out by the exceptions, might, when taken from the context and viewed independently, be considered erroneous statements of the law, this would not authorize a reversal of the judgment. —2 Mayf. Dig. 561, § 15.

We are without authority to review the actions of trial courts in overruling motions for new trials in criminal cases.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.