STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LEO
CONNELLY, PLAINTIFF IN ERROR.

Decided March 17, 1927.

Crimes—Robbery—State's Witness' Testimony Could be Admitted Only to Neutralize Surprise Testimony—State, Accordingly, Without Proof—Verdict Against Weight of Evidence.

On error to the Hudson Quarter Sessions.

Before Justices PARKER, BLACK and CAMPBELL.

For the plaintiff in error, *George E. Cutley.*

For the defendant in error, *John Milton.*

PER CURIAM.

The plaintiff in error was convicted in the Hudson Quarter Sessions Court under an indictment charging him with robbery (a hold-up of the proprietor of a drug store).

The judgment of conviction is brought to this court upon a strict writ of error by assignments of error and under section 136 of the Criminal Procedure act under specifications of causes for reversal.

Four assignments and specifications of causes are urged. Of these two present proper grounds for review upon error, as the cause is before us, namely, that the verdict is contrary and against the weight of the evidence and error in the following portion of the charge of the court:

"If you are satisfied, gentlemen of the jury, that the state's witnesses are telling the truth, then the defendant is guilty. Of course, you have to give the *alibi* some consideration. *Alibi* is a word meaning "elsewhere." Now, if the defendant was elsewhere and you believe his witnesses there is nothing for you to do but return a verdict of not guilty. But if you

believe the witnesses of the state, if you believe the officers and want to give consideration to his statement and the circumstances under which it was obtained and you are satisfied beyond a reasonable doubt that the state's witnesses have told the truth, there is nothing for you to do but return a verdict of guilty."

The state produced only two witnesses, the proprietor of the drug store and his wife, for the purpose of identifying the plaintiff in error as the person who committed the robbery. They both utterly failed to identify him. The state claiming this to be contrary to the facts as these witnesses had previously stated them to the prosecutor and police officers produced testimony to show identification of the plaintiff in error by the state's witnesses, or one of them, at police headquarters the day succeeding the alleged robbery. Such testimony was and legally could be admitted only for the purpose of neutralizing, if it did, the adverse, surprise testimony of the proprietor and his wife. It was relevant and competent for no other purpose. *State* v. *D'Adame,* 84 *N. J. L.* 386; *State* v. *Kaselka,* 85 *Id.* 712.

It is entirely apparent therefore that the state was entirely without proof of the commission of the alleged crime by the plaintiff in error and the judgment under review cannot be sustained.

It is not necessary for us to pass specifically upon the portion of the charge complained against. It is enough to say that the errors therein are apparent.

The judgment below is reversed.