59 So.2d 821

### ROBERTS v. STATE.
### 7 Div. 169.

Court of Appeals of Alabama.
June 30, 1952.

·Walter J. Merrill and Knox, Jones, Woolf & Merrill, Anniston, for appellant.

492

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant was indicted for assault with intent to murder. In the trial below he entered pleas of not guilty, and not guilty by reason of insanity. His jury trial resulted in a verdict of guilty of assault and battery.

Since in our opinion this cause must be reversed because of error in the court's instructions to the jury we will set forth only such of the facts as are necessary to this review.

The evidence is undisputed that this appellant cut W. A. Robinson with a knife and inflicted severe wounds on him.

For this reason appellant's counsel argues that the appellant was under the evidence either guilty of assault with intent to murder, or he was not guilty, and the jury's verdict of guilty of assault and battery is not based on the evidence, and was a compromise verdict which can find no warrant in law.

The appellant relies upon DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130, to sustain his argument on this point. His contention is without merit.

■ The doctrine of the DeGraaf case, supra, is to the effect that when the evidence produced by the State clearly establishes a consummated crime, and the defendant denies any participation therein and seeks to establish an alibi, a verdict of an attempt, or assault with intent, is improper under such circumstances as clearly indicating a compromise verdict. In such cases a defendant is either guilty of the crime charged, or he is innocent. No basis exists for any lesser included crime.

■ In the present case the cutting of Mr. Robinson by appellant is undisputed. The evidence presented by the State tended to establish assault with intent to murder. Included in such offense is assault and battery. It was within the province of the jury to find the appellant guilty of the lesser offense. The evidence was ample to support such verdict. The doctrine of the DeGraaf case, supra, is therefore inapplicable. See Champion v. State, 35 Ala.App. 7, 44 So.2d 616.

During his oral charge to the jury the court instructed the jury as follows: "Gentlemen of the jury, I charge you that there is no conflict in the evidence in this

case, that the defendant cut William Andrew Robinson with a knife. The question for you to determine is whether or not the defendant was excused by reason of insanity as I have defined it to you."

The court further instructed the jury that there were three possible verdicts they could render: 1. Guilty as charged in the indictment; 2. Guilty of assault and battery; or 3. Not guilty by reason of insanity.

Appropriate written verdicts covering each verdict were furnished the jury for their convenience.

At the conclusion of the court's oral charge appellant's counsel interposed the following exceptions to the charge:

"The Defendant excepts to that portion of the Court's Oral Charge in which the Court says this or this in substance: 'Gentlemen of the Jury, I charge you that there is no conflict in the evidence in this case, that the Defendant cut William Andrew Robinson with a knife. The question for you to determine is whether or not the Defendant was excused from cutting William Andrew Robinson by reason of insanity as I have defined it to you.'

"The Defendant further excepts to that portion of the Court's Oral Charge in which the Court stated in substance as follows: 'Gentlemen of the Jury, if you do not believe from the evidence in this case, beyond a reasonable doubt and to a moral certainty that the Defendant committed an assault with intent to murder William Andrew Robinson, and if you do not believe from the evidence in this case beyond a reasonable doubt and to a moral certainty that the Defendant committed an assault and battery on William Andrew Robinson and, if you further, are reasonably satisfied from the evidence in this case that, at the time and place of the alleged assault, the Defendant was insane, as I have defined this to you, then the form of your verdict would be, "We, the Jury, find the Defendant not guilty by reason of insanity." The Defendant further excepts to the failure of the Court to submit to

the Jury a form verdict in writing, in general form: "We, the Jury, find the Defendant not guilty." ' "

After such exception was interposed the court further instructed the jury as follows:

"The Court: Gentlemen of the Jury, it has been brought to my attention by exceptions taken by imminent Counsel for the Defendant, as he had a right to do—certain statements I have made to you concerning possible verdicts in this case which Defense Counsel says that in substance, might be confusing. In order that there may not be no confusion about it, what I want to say to you is this: That if you gentlemen are reasonably satisfied from the evidence in this case and from the evidence in this case alone, and from no other source, that the Defendant at the Bar was insane at the time he allegedly committed the crime referred to in the indictment in this case, then, you would not; if that should be— if you are so reasonably satisfied— then, you could not legally convict this Defendant of either assault with intent to murder William Andrew Robinson as I have defined such crime to you; Neither could you convict the Defendant if you are so reasonably satisfied of the alleged crime of assault and battery allegedly committed by the Defendant upon William Andrew Robinson as charged in the indictment. It is not the purpose of the Court—in order to clarify myself completely, to invade your province. The form verdicts that I read to you were submitted for your convenience. You are the ones to decide which type of verdict you will adopt, based on the evidence in this case and based on the law I have given to you and that is what I meant to say to you.

"That is all gentlemen. Gentlemen, please retire and make up your verdict."

The additional instruction made by the court did not materially change or correct the instructions previously given.

494

The court's instructions, and the submission of the three possible verdicts to the jury, without the inclusion of a possible general verdict of not guilty, was in effect to give the affirmative charge in favor of the State as to this possible verdict of not guilty. The State did not request such affirmative charge.

 The giving of the general affirmative charge for the State is of doubtful propriety, and should not be given unless requested in writing and hypothesized upon a belief in the evidence beyond a reasonable doubt. Holmes v. State, 29 Ala.App. 594, 199 So. 736; Woodham v. State, 28 Ala.App. 62, 178 So. 464; Pate v. State, 19 Ala.App. 243, 96 So. 649. Further, in criminal cases, the jury are the judges of fact, and the credibility of the witnesses is for the jury even if the evidence is without dispute.

Since the effect of the court's instructions, as above mentioned, was violative of the principles just stated, this cause must be reversed.

Other points are argued in appellant's brief. They are not likely to arise in another trial of this case. We therefore reserve consideration of them.

Reversed and remanded.

CARR, P. J., not sitting.