277 So.2d 383

**George HAMILTON**

v.

**STATE.**

**3 Div. 178.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Rehearing Denied Feb. 6, 1973.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was indicted and tried for murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment for ten years. The charge arose out of the fatal stabbing of one Carl Lee Thompson.

I

■ In brief, the appellant urges that the trial court erred in refusing to give at the request of the appellant written charge No. 10, as follows, to-wit: "The court instructs the jury that, if there is a reasonable doubt as to whether the killing was done with malice, the defendant cannot be convicted of murder at all."

At the request of appellant, the court gave written charge No. 6, which is as follows, to-wit: "If the jury have a reasonable doubt as to whether the killing was done deliberately, or as to whether it was done premediatively [Sic], then they cannot find the defendant guilty of murder in the first degree, and if they have a reasonable doubt as to whether the killing was done in malice, then they cannot find the defendant guilty of murder in either degree, but only of manslaughter at most; and if. after considering all the evidence, the jury have a reasonable doubt as to defendant's guilt of manslaughter, arising out of all the evidence, then they should find the defendant not guilty of any offense."

The remaining two refused charges (7 and 11) were either covered by the oral charge or misstated the applicable law.

It is apparent that the principle set out in charge No. 10 was covered by the court in given charge No. 6. The refusal of a written requested charge to the jury, even though stating a correct principle of law, is not error if the same principle of law is substantially and fairly covered in another requested charge which is given to the jury. Title 7, Section 273, Code of Ala-

bama 1940, Recompiled 1958; Fuller v. State, 43 Ala.App. 632, 198 So.2d 625; Higginbotham v. State, 262 Ala. 236, 78 So.2d 637.

## II

■ During the trial and outside of the presence of the jury, it was made known to the court that appellant's witness Jacqueline Mougrief who had been subpoenaed by the appellant and served was not present in court. It further appears from the record that at the beginning of the trial the attorney for the appellant was of the opinion that the witness was on hand and ready to testify. In any event no effort was made by appellant to compel the attendance of the witness by attachment, or otherwise, after he learned of her absence. The appellant requested that he be allowed to show by the clerk of the court that the witness had been subpoenaed and that he was unable to get her to court, and that he be allowed to call this to the attention of the jury in argument. This request was refused by the court.

This point seems to have been directly ruled upon by the court in Barber v. State, 11 Ala.App. 118, 65 So. 842, in which this court stated, "The court declined to permit the defendant to make proof to the jury to the effect that a certain named witness he desired had been subpoenaed by him and that he had made every effort to get such witness at the trial. The matter of the witness' absence was one to have been addressed to the court, before entering upon the trial, on an application for continuance, and was entirely immaterial to any issue before the jury." There was no error in the action of the court in the case at bar in the ruling in this respect.

## III

■ Two State's witnesses, who were co-defendants with the appellant in the case at bar, during the examination before the court, out of the presence of the jury,

indicated on the advice of their attorney that they did not wish to testify in the case and would if examined as to any of the circumstances with the respect to the homicide, take advantage of the Fifth Amendment and refused to testify. This intention on the part of both was indicated while the witnesses were under oath and testifying before the court. The appellant moved that he be allowed to call these witnesses to testify in the presence of the jury at which time they could, if they so desired, claim their constitutional rights, above referred to. This motion or request was denied by the court, but the court offered to rule on all questions the appellant wished to ask them outside of the presence of the jury. Appellant argues that as a result of this action of the court his case was prejudiced (R. p. 73).

We have been cited to no Alabama case considering this particular situation, but we are unable to see that the substantial rights of the appellant were prejudiced by this action of the court. The Kentucky case of Alder v. Commonwealth, 277 Ky. 136, 125 S.W.2d 986, seems to uphold this view. It further appears that since the witnesses chose not to testify to any of the circumstances surrounding this homicide, in which they along with the appellant appeared to have been present, the merely calling them to the witness stand would be a useless procedure and would shed no light on the issues in the case. We do not think the substantial rights of appellant were prejudiced by the action of the court in this respect. Rule 45, Rules of Supreme Court, Appendix, Title 7, Code of Alabama 1940, Recompiled 1958.

We have carefully examined the record, including the grounds of the motion for a new trial, overruled by the court, and find no error to reverse.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amend-

ed; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.