The defendant was indicted and convicted for assault with intent to murder. Alabama Code 1975, Section 13-1-46. Sentence was ten years and six months' imprisonment.
 I
The defendant argues that his motion to dismiss the indictment should have been granted because he was denied a speedy trial.
The initial warrant for the defendant's arrest based upon the complaint of the victim is dated June 29, 1979. The indictment was returned in January of 1980 and the defendant was tried in August of 1981.
After a hearing on the motion was held on the day of trial, the trial judge denied the motion for two reasons: (1) because there was no showing of any prejudice resulting from the delay and (2) because there was never any demand for a speedy trial. The motion to dismiss is not dated and the record does not indicate when it was actually filed. The trial judge made findings that the defendant had been represented by five different attorneys and that on more than one occasion defense counsel had requested a continuance.
After considering the facts of this case in light of Barkerv. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find no error in the denial of the motion to dismiss.Tidmore v. City of Birmingham, 356 So.2d 231 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala. 1978). The record supports the findings of the trial judge.
 II
The trial judge did not err in failing or refusing to charge the jury on any lesser included offenses. This alleged error has not been preserved for review because there were no written requested charges on lesser included offenses submitted by the defendant. "(I)t is necessary, to present the action of the trial court in refusing special charges requested for review by this court, to show affirmatively by the record that the charges requested were in writing." Gilbert v. State,2 Ala. App. 94, 96, 57 So. 127 (1911); Alabama Code 1975, Section12-16-13.
The refusal to instruct on lesser included offenses was not error for a second reason. The State proved a prima facie case of assault with intent to murder. The defense was alibi. Consequently, the defendant was either guilty of the crime charged in the indictment or he was guilty of nothing. An accused is not entitled to charges on lesser included offenses when he denies committing the crime itself. Williams v. State,377 So.2d 634, 637 (Ala.Cr.App.), cert. denied 377 So.2d 639
(Ala. 1979).
 III
While a portion of Colbert County Sheriff's Investigator Ronnie May's testimony did constitute hearsay in that he was testifying to information which he had received from the victim, the overruling of defense counsel's objection and motion to exclude was not reversible error. This same information had previously been adduced, without objection, when defense counsel on cross examination of the witness asked, "How do you explain that that bullet hole is there?" Furthermore, the victim had *Page 1280 
already testified to these same facts on both direct and cross examination. Under these circumstances, allowing Investigator May to testify to information that Mrs. Malone had given him was only harmless error where both Investigator May and Mrs. Malone had previously testified to the substance of this information before objection was made. Love v. State,377 So.2d 8 (Ala.Cr.App. 1979); Rule 45, Alabama Rules of Appellate Procedure.
 IV
The defendant argues that the trial judge committed reversible error in her oral charge to the jury. From the record:
 "If you are not satisfied beyond a reasonable doubt from the evidence that the Defendant assaulted Delores Malone with the intent to murder her you cannot find the Defendant guilty of the offense of Assault with Intent to Murder. I further charge you ladies and gentlemen of the jury, that if you believe the evidence in this case beyond a reasonable doubt and to a moral certainty you may not find the defendant not guilty. Ladies and gentlemen of the jury, all 11[1] of you must agree before you can reach a verdict in this case . . . I have no opinion as to the facts of this case and I don't want you to think from anything that I have said in this charge or otherwise or ruling that I have made that I think one way or the other about the facts of this case. . . . If after you have considered all of the testimony — all of the evidence in the case and all proper and reasonable inferences therefrom you are satisfied beyond a reasonable doubt that the Defendant was guilty of the offense . . . then it would be your duty to find him guilty and the form of your verdict would be: We, the Jury, find the Defendant guilty as charged. If on the other hand ladies and gentlemen of the jury, if after you have considered all of the testimony in this case, all the evidence and all reasonable and proper inferences therefrom, and the law as given to — as the Court has given it to you, if from all that you are not satisfied beyond a reasonable doubt that the defendant was guilty . . ., then it would be your duty to find him not guilty and the form of your verdict would be: We, the Jury, find the Defendant not guilty." (emphasis added)
At trial defense counsel made the following objection:
 "And the defendant objects also to that part of the oral charge wherein the Court charged that if you believe beyond a reasonable doubt that the defendant is guilty of the offense as charged you cannot find the defendant not guilty."
No matter how conclusive the evidence, the trial court may not direct a verdict of guilt in whole or in part. UnitedStates v. Ragsdale, 438 F.2d 21, 27, (5th Cir.), cert. denied,403 U.S. 919, 91 S.Ct. 2231, 29 L.Ed.2d 696 (1971).
 "(I)t was erroneous in the court below to charge the jury, that if they believed the evidence, they must find the defendant guilty. Such a charge can never properly be given, when there is any conflict in the evidence or any material question of fact in the cause."
Arnold v. State, 29 Ala. 46, 50 (1856).
"The giving of the general affirmative charge for the State is of doubtful propriety. . . . Further, in criminal cases, the jury are the judges of fact, and the credibility of the witnesses is for the jury even if the evidence is without dispute." Roberts v. State, 36 Ala. App. 491, 494, 59 So.2d 821
(1952); Brasher v. State, 21 Ala. App. 360, 108 So. 266 (1926). The defense in this case was alibi. Where there is evidence of an alibi offered by the defendant, the trial court may not instruct the jury that if they believe the State's witnesses, the defendant is guilty. State v. Connelly, 5 N.J.Misc. 393, 136 A. 603 (1927); Anno., 72 A.L.R. 899, 910 (1927). *Page 1281 
The charge should not have been given. Clemmons v. State,167 Ala. 20, 52 So. 467 (1910); Amos v. State, 73 Ala. 498 (1883). However, the fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly. Johnson v. State, 81 Ala. 54,1 So. 573 (1886). Where a portion of the oral charge is erroneous or misleading, the whole charge may be looked to, and the entire charge must be construed together to see if there be reversible error. Gosa v. State, 273 Ala. 346, 139 So.2d 321
(1962); Baugh v. State, 218 Ala. 87, 117 So. 426 (1928);Stewart v. State, 381 So.2d 214 (Ala.Cr.App.), cert. denied,381 So.2d 220 (Ala. 1979); Standard v. State, 51 Ala. App. 176,283 So.2d 627 (1973); Barber v. State, 11 Ala. App. 118,65 So. 842 (1914).
Looking to the entire oral charge, we find that the objectionable character of the portion objected to was cured and that the objection advanced on appeal is not well taken. The misleading quality of the court's instruction is self-correcting when considered in the context of the entire oral charge when the charge is considered as a whole and when each instruction is considered in connection with the others. We think it a reasonable assumption that the jury took a common sense view of the instructions and gave to them their plainly apparent meaning.
Additionally, we find that the objection made at trial misses its intended mark and fails to preserve any error for review. An exception to an oral charge must be taken and reserved to the particular language the exceptor conceives to be erroneous.Allford v. State, 31 Ala. App. 62, 65, 12 So.2d 404, cert. denied, 244 Ala. 148, 12 So.2d 407 (1943). "A reservation to a portion of the court's oral charge must be specific and designating, rather than descriptive and referable." Head v.State, 35 Ala. App. 71, 77, 44 So.2d 441 (1950). The exception must be "to a particular exactly designated statement of the judge." Ferguson v. State, 24 Ala. App. 491, 492, 137 So.2d 315, cert. denied, 223 Ala. 521, 137 So. 317 (1931). "If parts of the charge are objectionable, it is incumbent upon the defendant to specifically point out the objectionable parts and to preserve an exception to the trial court's failure or refusal to correct it." Fuller v. State, 269 Ala. 312, 324,113 So.2d 153 (1959).
"(T)he objector or exceptor should recite, or state the substance of that part of the court's instructions to which the objection is made or the exception taken." Crear v. State,376 So.2d 778, 783 (Ala.Cr.App.), cert. denied, 376 So.2d 788 (Ala. 1979); see also Jones v. State, 387 So.2d 284, 286 (Ala.Cr.App. 1980). "(T)he exceptor must select and recite what was said, or state the substance of what was said, and thus, specifically bring to the attention of the trial court and this court the matter and ruling of which was made." McClary v. State,291 Ala. 481, 483, 262 So.2d 384 (1973).
"The reason for our rule that the exception be specific is to allow the judge to correct his error, if any, and to do so his approximate language should be quoted to him." Orr v. State,40 Ala. App. 45, 57, 111 So.2d 627, affirmed, 269 Ala. 176,111 So.2d 639 (1959); Oates v. State, 375 So.2d 1285 (Ala.Cr.App. 1979).
Here, the defendant's objection to the court's oral charge did not recite substantially or essentially what the trial court actually charged. The trial judge could properly have charged the jury on the principle made the basis of the defendant's objection, that "if you believe beyond a reasonable doubt that the defendant is guilty of the offense as charged you cannot find the defendant not guilty." Defense counsel's objection merely stated that the jury must find the defendant guilty if they believed him guilty beyond a reasonable doubt. This objection would not have pointed out or called to the attention of the trial judge any objectionable portion of her oral charge. Harmon v. State, 23 Ala. App. 468, 126 So. 896
(1930); Dunn v. State, 8 Ala. App. 410, 62 So. 996 (1913).
The defendant did make specific objection to that portion of the trial court's oral charge now complained of in his motion for *Page 1282 
new trial. Although the giving of such an instruction is a good ground for setting aside the verdict and granting a new trial,Crawford v. State, 44 Ala. 45 (1870), objections to portions of the court's oral charge cannot be raised for the first time on motion for new trial. Gurley v. State, 216 Ala. 342,113 So.2d 391 (1927).
For these reasons, the trial judge's oral instructions to the jury do not constitute reversible error. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] The record reflects that one of the jurors was excused, with the consent of both the State and the defendant, after the trial had begun.