[Gambill v. Cargo.]

# Gambill v. Cargo.

*False Imprisonment.*

(Decided April 9, 1907. 43 South. 866. Rehearing denied May 6, 1907.)

1. *False Imprisonment; Acts of Agent; Liability of Principal.*—Where the evidence showed that the deputy had been making arrests for years with defendant's knowledge and by his direction and that defendant had told his deputy to enforce the collection of licenses by making arrests it clearly shows that defendant had given the deputy authority to make arrest and that he was acting within the scope of his authority, although he did so wrongfully, and defendant is liable for his acts.

2. *Same; Justification.*—Where plaintiff was not violating an ordinance in the presence of an officer and the arrest was made without a warrant, the arrest was wrongful and it was immaterial whether the ordinance under which plaintiff was arrested, was valid or not.

3. *Trial; Correction of Error; Instructions on Effect of Evidence.*—If it was error for the court to repeat the contents of a charge, and violative of section 3326, Code 1896, such error was cured by the giving of such charge in writing at the request of one of the parties.

4. *False Imprisonment; Punitive Damages.*—Where the fact was undisputed that the arrest was unlawful, it was not error to charge that it was within the province of the jury to assess punitive damages where it was left to the jury to determine whether or not the arrest was made with malice and without probable cause.

5. *Appeal; Harmless Error; Refusing Charges.*—Where plaintiff was entitled to the affirmative charge it was harmless error to refuse written instructions requested by plaintiff.

6. *Same; Admission of Evidence.*—Where the evidence undisputedly showed that B. was defendant's deputy and authorized by him to make arrest rulings as to evidence tending to establish the relationship between defendant and B. were harmless.

6. *False Imprisonment; Action; Evidence.*—While evidence as to whether or not defendant was getting a commission or a fee for collecting the license was not admissible for the purpose of proving the charge of false imprisonment, it was competent and admissible to show motive and a circumstance to be considered by the jury in assessing damages.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

[Gambill v. Cargo.]

Action by Oliver S. Cargo against A. A. Gambill. Judgment for plaintiff, and defendant appeals. On rehearing. Affirmed.

This was an action brought by appellee against appellant for false imprisonment and malicious prosecution. The first, third, and fifth counts were for false imprisonment, and the second, fourth, and sixth for malicious prosecution. The court gave the general affirmative charge for appellant as to counts 2, 4, and 6, and these counts were also withdrawn. The evidence for plaintiff tended to show that he was a dairyman, and that he sold milk in Birmingham; that about sunup one morning he drove into town with his milk wagon, and when about to start on his rounds, but before he had sold any milk, he was accosted by one Boggan, and asked if he had a license to sell milk. Plaintiff replied he did not know he needed a license, and Boggan replied: "You have to have one, and I will have to arrest you. . I have a bond here for you to make, and if you don't do it, you will have to go with me." Plaintiff asked for his authority, and he replied that he had authority from the defendant Gambill, whereupon plaintiff went with him to a store to make bond; but, the store not being opened, he did not make bond, and was carried by Boggan to jail and locked up in a foul den, where there were drunken negroes and white men. Plaintiff introduced other evidence tending to show that Boggan was acting as deputy to Gambill and making these arrests on the instruction of Gambill. The evidence further tended to show that Gambill was collecting license on commission, and that he paid said deputy, Boggan, and was entitled to all of Boggan's time. The evidence for the defendant tended to show that he had no ill will against the plaintiff, and that he did not directly order his deputy to arrest him, but that he had given the deputy general

directions to enforce the license ordinances, and knew that his deputy was arresting people daily for failure to comply with the license ordinance. Defendant also introduced other evidence tending to show that the deputy, Boggan, had police powers to arrest people conferred on him by the city of Birmingham. What is said as to the affirmative charge sufficiently appears in the opinion of the court, and it is unnecessary to set out charges therein requested and refused to the defendant. There was judgment for plaintiff in the sum of $1,100, and defendant appeals.

GEORGE HUDDLESTON and E. D. SMITH, for appellant. —The court erred in giving the affirmative charge for the plaintiff.—*Cole v. Propst Bros.*, 119 Ala. 99; 2 Mayf. Dig. 561. There was nothing in the relation shown to have existed between Gambill and Boggan from which authority to make this arrest could have been implied.— *Gambill v. Fuquay*, in MS. The affirmative charge should have been given for the defendant. The milk ordinance was valid and a proper exercise of the police powers of the municipality.—28 L. R. A. 588; 26 L. R. A. 162; Id. 541; *State v. Nelson*, 34 L. R. A. 318; *St. Louis v. Fisher*, 64 L. R. A. 579; 45 L. R. A. 433; 51 L. R. A. 247. The ordinance authorizing police officers to make arrests without a warrant for offenses committed in their presence was a valid ordinance.—Sections 5211, 5212, Code 1896; *Cunningham v. Baker*, 104 Ala. 160; *Holmes v. The State*, 100 Ala. 101; *Jones v. Anniston*, 138 Ala. 199; *Jackson v. The State*, 136 Ala. 96; *Smitherman's Case*, 140 Ala. 168. Punitive damages were not recoverable in this action and the court improperly so instructed the jury.—*Oates v. Bullock*, 136 Ala. 537; *Woodall v. McMillan*, 38 Ala. 632; 12 A. & E. Ency. of Law, 779 and cases cited.

[Gambill v. Cargo.]

A. O. LANE, and W. K. TERRY, for appellee.—Testimony as to whether or not the officer received fees for collecting license was properly admitted for the purpose of showing a motive for the arrest and as a circumstance to be considered by the jury in determining the amount of damages.—*Oates v. Bullock*, 136 Ala. 544; *Ware v. Cartilage*, 24 Ala. 627; *Lunsford v. Deitrich*, 93 Ala. 569; *Brewer v. Watson*, 71 Ala. 307; *Motes v. Bates*, 74 Ala. 674; *Burns v. Campbell*, 71 Ala. 293. Punitive damages are recoverable in this case.—*Hicks Bros. v. Swift Creek Mill Co.*, 133 Ala. 411.

ANDERSON, J.—T h e evidence without conflict showed that the defendant instructed Boggan "to enforce the collection of licenses to arrest them." See Boggan's testimony on cross-examination. Gambill also testified that Boggan had been arresting people for violating ordinances for several years, "and that was with my knowledge, by my direction." This evidence clearly shows that defendant had given Boggan authority to make arrests, and, if he did so wrongfully, he was nevertheless acting within the scope of his authority, and the defendant was responsible for said arrests. Whether the ordinance was valid or not we need not decide, as it was not being violated in the presence of Boggan, and he therefore had no right to arrest the defendant without a warrant. The trial court did not err in giving the general charge for the plaintiff.

It is insisted by counsel for appellant that the trial court committed error, because of charging upon the effect of the evidence, by giving said charge orally to the jury. What the court did was simply to repeat to the jury the contents of said charge, which had been requested by the plaintiff, and was in the hands of the court, indorsed "Given." If this could be considered as

violative of section 3326 of the Code of 1896, which we do not hold, the error was cured by the written request of the plaintiff to the same effect.—*Gulf City Co. v. Boyles*, 129 Ala. 192, 29 South. 800; *Pleasants v. Erskine*, 82 Ala. 386, 2 South. 122.

There was no error in the oral charge of the court in charging the jury that it was within their province to assess punitive damages. The plaintiff proved that the arrest was unlawful, and this fact was undisputed; and it was for the jury to determine whether or not the act was done with malice and without probable cause.— *Goldstein v. Drysdale*, 42 South. 744; *Alsop v. Lidden*, 130 Ala. 548, 30 South. 401; *Lunsford v. Deitrich*, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79. Nor was there error in refusing charges 5, 6, 7, and 12, requested by the defendant. That part of the oral charge excepted to in reference to the ordinance was withdrawn by the court.

As the general charge was properly given for the plaintiff, there was no error in refusing charges 3, 10, and 11, requested by the defendant.

The trial court erred in permitting the plaintiff to show how the defendant was compensated for collecting license tax. It was immaterial to the issues involved whether he got a salary or was paid by commissions. Whether working for a salary or for commissions, he was liable for unlawful arrests, and was not liable for lawful ones. Nor did the manner in which he was paid tend to show malice. While said evidence was immaterial, it may have been highly prejudicial to the defendant.

All other assignments relating to the rulings upon evidence tended to establish the relationship between defendant and Boggan and the authority of the latter, and, as the undisputed evidence showed that Boggan

was defendant's deputy and was authorized to make arrests, the trial court committed no reversible error in respect to the rulings as to this evidence.

For the error above designated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.

ANDERSON, J. (On Rehearing.)—Upon a reconsideration of this case, we are still of the opinion that the evidence as to whether or not defendant was getting a commission or for collecting license tax was not competent to establish the truth of the charge; but it was competent to show motive, and was a circumstance to be considered by the jury in assessing damages. The rehearing is therefore granted, the judgment of reversal is set aside, and the cause is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.