# Gambill *v.* Cannon.

### *False Imprisonment and Malicious Prosecution.*

(Decided Feb. 3, 1910.   51 South. 755.)

*False Imprisonment; Pleas.*—In an action for false imprisonment pleas which allege that plaintiff had committed an offense in violation of a city ordinance setting out the ordinance, and that the offense was committed in the presence of a police officer who arrested plaintiff, was sufficient, since, if the defendant was to be held for the act of the officer in arresting plaintiff. he must also be justified by the justification of the officer in making the arrest, and the officers's power to make the arrest was not affected by the fact that the defendant advised or procured him to do so.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by P. M. Cannon against A. A. Gambill for false imprisonment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

R. H. THATCH, for appellant.—The pleas met all the requirements of the law and the court improperly sustained demurrers to them.—*Gambill v. Schmuck,* 131 Ala. 321; *Mitchell v. Gambill,* 140 Ala. 545; *Gambill v. Fuqua,* 42 South. 725.

WILLIAM VAUGHAN, and J. W. DAVIDSON, for appellee.—Counsel insist that the court's rulings as to pleadings was without error, and in support thereof cite the same authority as cited by appellant.

SAYRE, J.—Appellee recovered judgment against appellant on a complaint charging false imprisonment, in that defendant had caused plaintiff to be arrested. Pleas 4, 5, and 6 set up, in substance, that the plaintiff had committed the offense of selling milk in the city of Birmingham, contrary to an ordinance of that city, and in the presence of one Boggan, a police officer of that city, by whom the arrest complained of was thereupon executed.

It is observed of these pleas that they do not deny that Boggan arrested plaintiff on the procurement of defendant, nor do they affirm that plaintiff committed any violation of the ordinance in the presence of defendant. But they do affirm that defendant is responsible only in the event the arrest by Boggan was unjustifiable, and that Boggan was justified in making the arrest, for the reason that plaintiff had violated the ordinance in his presence. If plaintiff had committed the offense for which he was taken into custody in the presence of Boggan, who was an officer with power to arrest, the power and duty of the latter to make the arrest was not de-

stroyed nor diminished by reason of the fact that the defendant advised or procured him so to do. If defendant is to be held for the act of Boggan, he must also be justified by Boggan's justification. We have consulted *Gambill v. Schmuck,* 131 Ala. 321, 31 South. 604; *Mitchell v. Gambill,* 140 Ala. 545, 37 South. 735, and *Gambill v. Cargo,* 151 Ala. 421, 43 South. 866.

The error in sustaining the demurrers to these pleas affects in part the rest of the trial, so that other assignments of error need not be specifically treated. For the errors pointed out, the judgment must be reversed.

Reversed and remanded.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.