(76 South. 466)

EDMUNDS v. STATE.   (5 Div. 249.)

(Court of Appeals of Alabama.   June 26, 1917.)

CRIMINAL LAW ⊂⊃763, 764(7) — TRIAL — CHARGE ON EFFECT OF TESTIMONY—STATUTE.

In a prosecution for violating the prohibition laws, the charge that, if the jury believed beyond a reasonable doubt the evidence as it had been offered, the court held it would render defendant guilty of that number of violations of the prohibition law, was erroneous, as an invasion of the jury's province, and a charge on the effect of the testimony, in violation of Code 1907, § 5362, providing that the court shall not charge on the effect of the testimony, unless required by a party.

Appeal from Circuit Court, Russell County; A. H. Alston, Judge.

Ben Edmunds was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Glenn & De Graffenried, of Seale, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for the offense of violating the prohibition laws of the state. Numerous exceptions were reserved, pending the trial, to the ruling of the court upon the evidence, and to several portions of the court's oral charge, and also to the giving and refusal of several special charges requested in writing. An exception was duly reserved to the oral charge of the court as follows:

"If you believe beyond a reasonable doubt the evidence as it has been offered, the court holds, would render the defendant guilty of that number of violations of the prohibition law."

This was error, it being an invasion of the province of the jury, and was clearly a charge upon the effect of the testimony, in violation of section 5362 of the Code of 1907. See authorities collated as a footnote to that section.

For this error the judgment of the lower court will be reversed, and the cause remanded. In view of this holding, it is not deemed necessary to discuss other questions presented.

Reversed and remanded.