(93 South. 66)

## BATTLES v. STATE. (7 Div. 737.)

(Court of Appeals of Alabama. April 11, 1922.)

Criminal law ⊚⟹824(5)—Voluntary oral charge on effect of testimony held error.

In a prosecution for a violation of the prohibitory law, the oral charge that, if the jury was satisfied beyond a reasonable doubt that the accused was at the still catching whisky as it was coming out of the worm in a jug, there was but one thing to do, and that was to write a verdict of guilty, *held* reversible error, under Code 1907, § 5362, which forbids the court to charge ex mero motu on the effect of the evidence.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

William Quitman Battles was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Embry & Merchant, of Ashville, for appellant.

Counsel insist in argument for error in several particulars, especially in the oral charge of the court, but they cite no authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The state offered evidence tending to prove that the defendant, within the time laid in the indictment and within the jurisdiction of the court, was seen at a still, which was in operation and the whisky running out, and that defendant was seen catching some of the whisky in a jug. There was other evidence tending to connect the defendant with the crime, but it is not necessary here to set it out. The defendant denied guilt, offering some testimony tending to impeach the testimony of the principal state's witness, and also offered testimony of an alibi.

In his oral charge, and without having been requested to do so in writing, the court charged the jury:

"If he [defendant] was there, and that still was running, and he was catching whisky as it was coming out of the worm in a jug; and you are satisfied of that beyond a reasonable doubt that that is true, then your duty is plain; there is but one thing to do, and that is to write a verdict of guilty."

The defendant seasonably reserved an exception to the foregoing part of the charge. This is in the very teeth of the statute, which forbids the court from charging ex mero motu upon the effect of the evidence. Code 1907, § 5362; Edmunds v. State, 16 Ala. App. 182, 76 South. 466.

The rulings of the court on the admission of evidence were without error. The other questions presented will probably not arise on another trial.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.