(93 South. 231)
### OTT v. STATE. (1 Div. 458.)

(Court of Appeals of Alabama. June 13, 1922.)

Criminal law ⊕=763, 764(1)—Charge that no other verdict than guilty could be found was error, as upon effect of testimony.

In a prosecution for practicing medicine without a license, the charge that "under the facts * *, * you can return but one verdict, and that is a verdict of guilty," was on the effect of the testimony, in violation of Code 1907, § 5362, providing that no charge shall be on the effect of the testimony, unless requested by a party.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Dr. Ott was convicted of practicing medicine without a license, and he appeals. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellant.

The general charge of the court was error, as it was upon effect of the evidence. 110 Ala. 48, 20 South. 468; 99 Ala. 148, 13 South. 550; 102 Ala. 101, 15 South. 810.

Harwell G. Davis, Atty. Gen., and J. D. Ratcliffe, of Monroeville, for the State.

There was no error in the general charges. 96 Ala. 56, 11 South. 192; 206 Ala. 163, 90 South. 283; 1 Mayfield, 164. If error was committed, motion for new trial should have been made. Ante, p. 245, 90 South. 277.

BRICKEN, P. J. Section 5362 of the Code of 1907 expressly provides that the trial court shall not charge upon the effect of the testimony, unless required to do so by one of the parties. On this appeal but one question is insisted upon as error, and this relates to exceptions which were reserved to the oral charge of the court, involving the statute above mentioned. The court in its oral charge stated that:

"Under the facts as testified to in this case you can return but one verdict, and that is a verdict of guilty as charged in the indictment."

The record shows that:

"After the jury had retired and entered upon its deliberations, they were again brought into the open courtroom, whereupon the following took place:

"The court said: 'Gentlemen of the jury, at the time I charged you, I overlooked the fact that there were two counts in the complaint. Your verdict would be: "We, the jury, find the defendant guilty as charged in the first count of the complaint." ' "

To these utterances of the court the defendant reserved exceptions, and these exceptions must of necessity be sustained, as these portions of the court's charge were upon the effect of the testimony and violative of the terms of the statute. Section 5362 of the Code 1907, supra.

The oral charge as a whole was practically upon the effect of the testimony, and invasive of the province of the jury. See authorities collated as a footnote to section 5362, Code 1907, supra; also Edmunds v. State, 16 Ala. App. 182, 76 South. 466.

Reversed and remanded.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes