### LIVINGSTONE v. STATE. (1 Div. 522.)

(Court of Appeals of Alabama. Nov. 27, 1923.)

**1. Criminal law ⬤⟳1172(1)—Charge on effect of evidence without request cured by subsequently giving same charge upon request.**

While it was error for the court ex mero motu to charge on the effect of the evidence without being required to do so by one of the parties, as provided by Code 1907, § 5362, the error was cured by the court subsequently giving the same charge when requested in writing.

**2. Intoxicating liquors ⬤⟳167—Defendant assisting in hauling materials for making liquor held guilty.**

In a prosecution for manufacturing prohibited liquors, if defendant aided others in hauling materials to be used in making liquor to a still, he was as guilty as if he had done the hauling alone.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Allen Livingstone was convicted of violating the prohibition law, and he appeals. Affirmed.

Tisdale J. Touart, of Mobile, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It was error for the court, in the oral charge, to affirmatively instruct for the state; but this error was cured by the giving of the affirmative charge in the exact language requested by the solicitor. Code 1907, § 5362; Brown v. State, 15 Ala. App.

568, 74 South. 394; Gambill v. Cargo, 151 Ala. 421, 43 South. 866. The charge requested by defendant was well refused, because it singles out a part of the evidence.

FOSTER, J. The indictment contained two counts. The first count charged the defendant with the possession of a still, etc., and the second count with manufacturing prohibited liquors. The defendant was convicted under the second count.

[1] It was error for the court ex mero motu to instruct the jury that, if they believed the evidence beyond a reasonable doubt, they must find the defendant guilty. Section 5362 of the Code of 1907 provides that the court shall not charge upon the effect of the testimony unless required to do so by one of the parties. English v. McNair, 34 Ala. 40; Dennis v. State, 112 Ala. 64, 20 South. 925. However, the error was cured by the court subsequently giving the same charge when requested in writing. Gambill v. Cargo, 151 Ala. 421, 43 South. 866, and cases cited; Gulf City Co. v. Boyles, 129 Ala. 192, 29 South. 800.

[2] The court did not err in refusing, at the request of the defendant, the following charge:

"Unless you believe from the evidence beyond a reasonable doubt that the defendant hauled materials to the still as admitted by him and that this was done since January 1, 1921, you should find the defendant not guilty."

The evidence showed that the defendant assisted in hauling the materials to the still, and that he carried some sugar to the still on his shoulder from the point where it was left by his wagon. The defendant admitted that he carried certain material to the still to be used in the making of beer or alcoholic beverages from which liquor was made. On this point there was no conflict in the evidence. There was evidence that the defendant and others were hauling the material to the still. If he aided others in the hauling, he was as guilty as if he had done the hauling alone.

There is no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.