(108 So. 266)

**BRASHER v. STATE.   (7 Div. 146.)**

(Court of Appeals of Alabama.   April 20, 1926.)

**1. Criminal law ⬤�top763, 764(7)—Oral affirmative charge for state held error, especially where evidence afforded mere inference of guilt.**

Oral charge to find defendant guilty, if jury believed evidence, *held* error, as court may not charge on effect of the testimony, unless required to do so by one of the parties, especially where evidence merely afforded inference of guilt, and hence should have been submitted to the jury.

**2. Criminal law ⬤�top560—Proof of guilt must be sufficient to overcome presumption of innocence and to satisfy jury beyond reasonable doubt and to a moral certainty.**

For conviction, proof of guilt must be offered sufficient to overcome presumption of innocence, which is evidentiary, and to satisfy jury beyond all reasonable doubt, and to a moral certainty.

**3. Criminal law ⬤�top753(3)—Affirmative charge for state should not be given, where there is evidence on which to base acquittal, or facts pointing to guilt rest in inference only.**

Affirmative charge for state should not be given, where there is evidence on which an acquittal could be based, or the facts pointing to guilt rest in inference only, but may be given where the testimony as to guilt is not conflicting.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

A. P. Brasher was convicted of possessing a still, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

It was error for the court to charge upon the evidence, without being required in writing to do so. Code 1923, §§ 9507, 9509; Fidelity & Dep. Co. v. Art Metal Co., 162 Ala. 323, 50 So. 186; Brown v. State, 15 Ala. App. 568, 74 So. 394. In view of the presumption of

---

innocence of the accused, the giving of the affirmative charge for the state is of doubtful propriety. Pate v. State, 19 Ala. App. 243, 96 So. 649; Nichols v. State, 4 Ala. App. 115, 58 So. 681; Gamble v. State, 19 Ala. App. 82, 95 So. 202.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised and treated, but without citing authorities.

BRICKEN, P. J. The controlling principles of law governing this case necessitates a reversal of the judgment of conviction from which this appeal was taken.

[1, 2] In this case the court instructed the jury orally as follows:

"The court charges the jury that, if you believe the evidence in this case beyond a reasonable doubt, you will find the defendant guilty as charged under count 2 of the indictment. The form of your verdict will be, 'We, the jury, find the defendant guilty as charged under count 2 of the indictment,' one of you signing it as foreman."

No such written charge is shown by the record, and to thus charge a jury orally in a criminal case is error; the charge being an invasion of the province of the jury, and clearly a charge upon the effect of the testimony which the court was without authority to give. Edmunds v. State, 16 Ala. App. 182, 76 So. 466. Under the statute, the court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties. But, pretermitting the fact that the charge was not in writing, if this charge had been specially requested in writing by the state, in this case, it would likewise have been error for the court to give it, as the evidence adduced merely tended to show the guilt of the defendant, or it may have afforded an inference only of his guilt. It should have been submitted to the jury, for the jury might have believed all this evidence to be true, and yet not have found its tendency to establish the fact in issue sufficiently strong to warrant them in returning a verdict of guilt. The charge given took away from the jury the right to weigh the evidence and to say that the state by this evidence did not meet the burden of proof resting upon it, and that it was not sufficient to overcome the presumption of innocence with which the defendant entered upon the trial of this case. This presumption of innocence is evidentiary, and in every criminal case in order to properly secure a conviction, the state is under the duty to offer proof of guilt sufficient to overcome the presumption, and to satisfy the jury of the guilt of defendant beyond all reasonable doubt and to a moral certainty.

[3] The giving of the affirmative charge for the state in criminal cases, in view of the presumption of innocence which attends the accused, and the burden of proof resting upon the state, is of very doubtful propriety. Pate v. State, 19 Ala. App. 243, 96 So. 649.

Where there is an absence of any conflicting testimony to the fact of guilt, a charge of this character, predicated upon the belief of the testimony by the jury, may be given, but it should never be given where there is any evidence upon which a verdict of acquittal could be based, or where, as here, the facts in evidence pointing to guilt rest in inference only.

Reversed and remanded.