(126 So. 606)

**THRASH v. STATE.**

7 Div. 582.

Court of Appeals of Alabama.
March 4, 1930.

Merrill, Jones & Whiteside, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

An indictment charging a felony, or the highest grade or degree of the offense by operation of law, charges every lesser offense included in the one charged.

The indictment upon which this appellant was tried and convicted charged an assault with intent to ravish, a felony. Under the rule of law above stated, this indictment also charged an assault and battery, and an assault.

Upon the trial of this case in the court below numerous exceptions were reserved to the court's rulings, but in the main the exceptions do not appear to be well taken. However, the principal insistence of error is based upon the exception to an excerpt of the court's oral charge to the jury wherein he affirmatively charged the jury in favor of the state, and in this connection stated: "If you believe the evidence in this case beyond a reasonable doubt, it will be your duty to convict this defendant of assault." The exception to this was properly reserved and is likewise properly presented. This exception is well taken and is here sustained. The action of the court in thus orally charging the jury upon the effect of the testimony without being requested to do so in writing by one of the parties was in direct conflict with the statute which provides specifically this shall not be done. Code 1923, § 9507. See, also, the following cases from this court upon this proposition: Edmunds v. State, 16 Ala. App. 182, 76 So. 466; Estes v. State, 18 Ala. App. 606, 93 So. 217; Livingstone v. State, 19 Ala. App. 474, 98 So. 138; Brasher v. State, 21 Ala. App. 360, 108 So. 266. This portion of the oral charge dealt specifically with a substantive offense charged in the indictment, and was invasive of the province of the jury.

Under the whole evidence in this case we do not think the defendant was entitled to the affirmative charge. Under the law, if an assault was made by him upon the woman named in the indictment, the question of his intent in making such assault was one for the jury to determine from all the evidence submitted to them for consideration, under the instructions as to the law by the court. Burton v. State, 8 Ala. App. 295, 62 So. 394; Toulet v. State, 100 Ala. 72, 14 So. 403; Taylor v. State, 20 Ala. App. 161, 101 So. 160.

Reversed and remanded.