Charles Randall Black, the appellant, was convicted of vehicular homicide in violation of Ala. Code 1975, § 32-5A-192, and was sentenced to five years' imprisonment. In addition, he was ordered to pay $3500 restitution. He raises three issues on this appeal from that conviction.
 I.
The appellant argues that the trial court erred in charging the jury on vehicular homicide as a lesser included offense of murder.
The indictment contained two counts charging universal malice murder in violation of Ala. Code 1975, § 13A-6-2(a)(2). Count one charged that the appellant "did, recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said [appellant], and did thereby cause the death of Crystal R. Elliott, by failing to stop at a stop sign and to yield the right of way to another vehicle in an intersection or approaching an intersection." Count two described the reckless conduct as speeding. At trial, count two was dismissed at the close of all the evidence because there was no evidence that the appellant was speeding. The murder charge contained in count one was dismissed and the trial court charged the jury on manslaughter as defined in § 13A- 6-3(a)(1) (reckless), criminally negligent homicide as defined in § 13A-6-4(a), and homicide by vehicle as defined in § 32-5A-192(a).
The Alabama Supreme Court has held that vehicular homicide may constitute a lesser included offense of universal malice murder. Ex parte Jordan, 486 So.2d 485, 488 (Ala. 1986). In determining whether vehicular homicide constitutes a lesser included offense of murder either of two tests should be employed.[1] Test one: "Can all or fewer than all of [the] facts establishing the commission of murder also establish the commission of vehicular homicide?" Jordan, 486 So.2d at 488. Test two: Do the murder and vehicular homicide "statutes differunder these facts only in that vehicular homicide contemplates a less serious injury or risk of injury or requires a lesser kind of culpability." Jordan, 486 So.2d at 488 (emphasis in original). The answer to both of these questions under the facts of this case is affirmative. Therefore, under the facts of this case, vehicular homicide is a lesser included offense of murder. See also Sams v. State, 506 So.2d 1027, 1029-1030
(Ala.Cr.App. 1986). Evidence of excessive speed or alcohol or drug consumption by the accused is not required before vehicular homicide may be considered a lesser included offense of murder.
It is undisputed that the appellant ran a stop sign, collided with the automobile in which Crystal Elliott was riding as a passenger, and thereby caused her death. *Page 970 
Homicide by vehicle is defined in § 32-5A-192(a):
 "Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death."
Clearly, the appellant is guilty of vehicular homicide. Clearly, under the Jordan tests, vehicular homicide was a lesser included offense of murder under the facts of this case.
 II.
The appellant argues that the indictment should have been dismissed on his motion for judgment of acquittal made at the close of the evidence because the prosecution failed to prove that the appellant manifested extreme indifference to human life, which was an essential element of the charged murder. The appellant argues that there was an improper amendment of the indictment and a fatal variance between the pleading and the proof. These arguments are without merit.
The principle is well settled that "an indictment charging a felony or the highest grade of the offense by operation of law charges every lesser offense included in the one charged."Kitchens v. State, 27 Ala. App. 336, 172 So. 297 (1937). The concept of a lesser included offense does not involve either an amendment of the indictment or a variance between the pleading and the proof.
 III.
The appellant contends that the indictment charging murder was not clear enough to properly apprise him of the lesser included offenses. "It is a well-established general rule that when an indictment charges an offense which includes within it another, lesser offense, or one of a lower degree, the defendant, although acquitted of the higher offense, may be convicted of the lesser, or he may be convicted of the major offense without regard to the minor one." 41 Am.Jur.2dIndictments and Information § 313 (1968) (footnotes omitted). "[T]here can be no doubt but the greater offence [sic] embraces the lesser, of a kindred character." State v. Stedman, 7 Port. 495, 500 (Ala. 1838). "An indictment charging a felony, or the highest grade or degree of the offense by operation of law, charges every lesser offense included in the one charged."Thrash v. State, 23 Ala. App. 433, 434, 126 So. 606 (1930). An indictment need not state "presumptions of law [or] matters of which judicial notice is taken." McLain v. State, 15 Ala. App. 24,25, 72 So. 511, 512 (1916).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Although this test has been criticized, Miller v. State,565 So.2d 275, 276 (Ala.Cr.App. 1989) (Bowen, J., concurring specially), and Miller v. State, 565 So.2d 277 (Ala. 1990) (Maddox, J., dissenting from quashing of writ of certiorari),Ex parte Jordan has not been overruled or modified to date by the Alabama Supreme Court. Consequently, this Court is bound by that decision. Ala. Code 1975, § 12-3-16.