I respectfully dissent from the majority's conclusion that the March 2002 indictment charging Charles Peterson with capital murder must be dismissed and his conviction for felony murder reinstated.
This case involved a one-count indictment charging murder made capital because it occurred during the commission of a robbery. Evidently, before trial the State and Peterson entered into a plea agreement pursuant to which the State agreed to amend the indictment charging capital murder to charge one count of felony murder and one count of first-degree robbery. In exchange, Peterson agreed to plead guilty to the charges of felony murder and first-degree robbery. On appeal, the Court of Criminal Appeals held that Peterson could not be convicted of both felony murder and first-degree robbery if the robbery supporting the felony-murder conviction was the same robbery underlying the first-degree-robbery conviction. Peterson v. State,842 So.2d 734, 736 (Ala.Crim.App. 2001). The State, recognizing that both convictions could not stand because the robbery underlying the conviction for first-degree robbery was the same as the robbery on which the felony-murder conviction was premised and, consequently, that the terms of the guilty-plea agreement could not be fulfilled, moved to set aside the entire guilty-plea proceeding because it was based on an agreed-upon amendment to a one-count indictment and legally could not be fulfilled. Indeed, the parties could not consent to an unlawful agreement. The trial court agreed and set aside both the felony-murder conviction and the first-degree-robbery conviction.
In reviewing a petition for a writ of mandamus filed by Peterson in that court, the Court of Criminal Appeals, relying on its holding in Hammond v. State, 665 So.2d 970 (Ala.Crim.App. 1995), which also involved an improper amendment to a one-count indictment, concluded that the trial court's action in setting aside the entire guilty plea was proper. The Court of Criminal Appeals quoted Hammond v. State, stating:
 "`The original capital murder-robbery indictment in this case was a valid indictment. In carrying out the plea agreement, the state attempted to amend the indictment by adding a separate count charging "solicitation to distribute a controlled substance," Ala. Code 1975, § 13A-12-202. The amendment purporting to add this charge was void. An indictment may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988); Ala. R. Cr. P. 13.5. In this case, the added charge is a substantial change from the indictment returned by the grand jury and charges a new offense not included in the original charge. Thus, all proceedings stemming from the amendment of the indictment had no legal effect and were void.
 "`When the appellant challenged the proceedings in his post-conviction petitions, the trial court had no choice but to set aside this conviction and sentence. The appellant argues that once the proceedings stemming from the amendment were determined to be void, the original capital charge should not have been restored to the docket because, he argues, the indictment, as amended, was void and a re-indictment by the grand jury was necessary before the state could proceed under the capital charge. . . . [T]here was no amendment to the original indictment, *Page 998 only an unsuccessful attempt to amend the indictment by adding a count that was a nullity. Under these facts, when the guilty plea proceedings and the judgment based thereon were recognized as void and were set aside, it was proper for the trial court to order the original capital charge to be restored to the docket for trial. Williams v. State, 494 So.2d 819 (Ala.Cr.App. 1986). Even if a charge has been nolle prossed, which is not the case here, further proceedings on that charge at a later time are not barred, and a person is not placed in double jeopardy when the state seeks to prosecute him on a previously dismissed charge, after his guilty plea to another charge has been vacated. Williams v. State, and cases cited therein. . . .'
 "665 So.2d at 974 (footnote omitted; emphasis added)."
Ex parte Peterson, 884 So.2d 924, 927-28 (Ala.Crim.App. 2003).
I agree with the Court of Criminal Appeals that in this case, as in Hammond, all the proceedings stemmed from an improper amendment to the one-count indictment and, consequently, all actions taken after the attempted amendment were void. The amendment was a nullity because it was not legally possible for both parties to execute their part of the agreement; it was proper for the parties to be returned to their original status. See Ex parte Cole, 842 So.2d 605 (Ala. 2002) (stating that the State could proceed under the original indictment or it could reindict Cole).
Lastly, I agree with the majority that "[l]esser-included offenses are, by Ala. R.Crim. P. 13.2(c), necessarily charged in an indictment." 890 So.2d at 992. I, however, am concerned about the context in which the following general proposition of law is used: "`"The concept of a lesser included offense does not involve . . . an amendment of the indictment."' Wesson v.State, 644 So.2d 1302, 1306 (Ala.Crim.App. 1994) (quoting Blackv. State, 586 So.2d 968, 970 (Ala.Crim.App. 1991))." 890 So.2d at 992. This case involves a guilty-plea proceeding, which necessarily involves an amendment to the indictment. At a guilty-plea proceeding the trial court is bound by the charge in the indictment until the State agrees to amend the indictment. It is the State's duty to prosecute the case; a defendant can plead guilty to a lesser-included offense and the trial court can accept the plea, if and only if, the State amends the indictment.
For the foregoing reasons, I dissent.