# House *v.* The State.

*Indictment for Carrying Concealed Weapon.*

1. *Trial and its incidents; application for continuance addressed to discretion of trial court; when properly disallowed.*—An application for a continuance in a criminal case on account of absent witnesses, is addressed to the discretion of the trial court, and, where, upon such an application, it is not shown that the absent witnesses are within the jurisdiction of the court and there are disclosed no facts which show that the absence of the witnesses is prejudicial to the defendant, the refusal of the application for a continuance is not erroneous.

2. *Carrying concealed weapon; when evidence as to threats inadmissible.*—On a trial under an indictment for carrying con-

cealed weapons, it is not permissible for a witness to state
that he went to the house of the defendant's brother and told
the latter of the threats made against the defendant, and
that the defendant's brother sent a pistol to defendant by the
witness.

3. *Carrying concealed weapons; charge as to apprehension of at-*
*tack.*—Good reason to apprehend an attack does not give one
the absolute and unqualified right to carry a weapon con-
cealed about his person; and on a trial under an indictment
for carrying concealed weapons, charges which predicate the
defendant's right of acquittal upon his having been notified
of threats of personal violence being made against him, and
his having good reason to apprehend an attack from such a
person, are erroneous and properly refused.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

The appellant in this case, Joe House, was indicted,
tried and convicted for carrying a pistol concealed about
his person.

When the case was called for trial, the defendant
moved the court for a continuance on account of the ab-
sence of Frank Stevens and Sam Sherbert, material wit-
nesses for the defendant.

The bill of exceptions contains the following recital as
to the grounds of said motion : "It was shown that the
said Sherbert had been duly subpoenaed and was not
absent by the procurement or consent of the defendant;
it also appeared that at the last term of the court the
case was continued at the request of the defendant on
account of the absence of Frank Stevens, and that a sub-
poena had been issued for said Stevens, and returned not
found, and that at the time defendant did not know
where said Stevens was; that if present, defendant
would expect Frank Stevens to testify that a few days
prior to the time when defendant was arrested, at which
time the pistol was found upon him, he heard Dave Ste-
vens threaten the life of the defendant, and heard him
say that he intended to get even with the defendant, no
matter what it might cost him; that he further said that
the defendant had wronged him, and that he intended to
have satisfaction for it; that said witness communicated
these threats to defendant a short while before the ar-

rest of the defendant by Policeman Herron. Defendant offered to show that Sam Sherbert, if present, would testify that he and Jim Hazle carried a gun that was given to him or to Hazle by Gus House to Mr. William's house, a short distance from where defendant lived, and delivered it to defendant; that a short while before the time at which defendant is alleged to have carried a concealed pistol, he heard Dave Stevens and Henry Luallen threaten the life of the defendant, and they said that they intended to fix the defendant on the day of the arrest; that this occurred just a short while before the defendant was arrested in Anniston." The court refused to permit the defendant to make proof of what the absent witnesses would testify and overruled the defendant's motion to continue the case, and to this action of the court the defendant duly excepted.

The evidence for the State tended to show, without dispute, that the defendant had, within 12 months before the finding of the indictment, carried a pistol concealed about his person in the county of Calhoun.

Upon the examination of one Jim Hale as a witness for the defendant, he testified that he had heard Henry Luallen and Dave Stevens threaten the life of the defendant. This witness was asked the following question by the defendant's counsel: "State whether or not you went to the house of defendant's brother, Gus House, and told Gus House of the threats made by said Luallen and Stevens, and whether Gus House thereupon procured a gun and sent it by you to the defendant?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "The court charges the jury that threats made against the defendant, if any were made, were sufficient to justify defendant in carrying a pistol, if the character of the threats were such as to impress defendant, as a reasonable man, with the conviction that he had reason to apprehend an attack." (3.) "The court charges the jury

[House v. The State.]

that the threats made against the defendant, if any were made, were sufficient to justify defendant in carrying a pistol, if the character of the threats were such as to impress defendant with a reasonable apprehension of attack, and the lapse of time ensuing between the communication of the threats and the arrest of the defendant for carrying concealed weapons, does not necessarily destroy the apprehension of attack, if once reasonably entertained."

McCarty & Merrill, for appellant.

Massey Wilson, Attorney-General, for the State. The action of the court in overruling the motion for a continuance was proper.—*Huskey v. State,* 129 Ala. 94.

The testimony of the witness Hazle, which was objected to, was illegal, irrelevant and inadmissible.—*Sandwich v. State,* 105 Ala. 5; *Barker v. State,* 126 Ala. 83.

Refused charges 2 and 3 were erroneous in asserting that the defendant had the absolute right to carry a pistol concealed, if he had a reasonable apprehension of an attack.—*Barker v. State,* 126 Ala. 83; Code, § 4420.

TYSON, J.—The action of the court in refusing to continue the case was proper.

There was no error in sustaining the objection to the question propounded by defendant to his witness Jim Hazle. It clearly called for illegal testimony.

It is sufficient to say of charges 2 and 3 refused to defendant, that they were vicious in asserting, on the facts postulated, his right to carry the pistol concealed.—§ 4420 of the Code; *Baker v. State,* 126 Ala. 83.

There was, of course, no error in refusing the affirmative charge requested by defendant.

Affirmed.