# Gilbert *v.* The State.

## *Murder.*

(Decided Dec. 21, 1911. 57 South. 127.)

1. *Continuance; Discretion.*—In the absence of abuse of discretion, a trial court will not be put in error for refusing a motion for continuance on account of absent witnesses.

2. *Appeal and Error; Review; Instructions; Request.*—Unless it affirmatively appears of record that charges requested were requested in writing, this court will not review the action of the trial court in refusing such charges.

3. *Same; Record; Matters Not Shown.*—Where the bill of exceptions shows simply that the defendant requested the following charges which were refused, and further shows that the charges were endorsed, refused by the trial judge, it is not made affirmatively to appear that the charges were requested in writing, or that they were separately requested.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

From a conviction of manslaughter, Gilbert appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State.   The
matter of continuance was within the discretion of the
trial court, and not revisable on appeal.—*House v. The
State,* 139 Ala. 132; *Terry v. The State,* 120 Ala. 287;
*Walker v. The State,* 117 Ala. 85.   Counsel discuss the
charges refused, and cite authority in support of their
contention that they were properly refused, but in view
of what is said in the opinion, it is not deemed neces-
sary to here set them out.

PELHAM, J.—The trial court's action in overruling
the defendant's motion for a continuance on account of
absent witnesses was a matter resting in the sound dis-
cretion of the court.   No abuse is shown of the discre-
tion and therefore no error was committed in denying
the motion.—*House v. State,* 139 Ala. 132, 135; *Terry
v. State,* 120 Ala. 287, 292; *Walker v. State,* 117 Ala.
85, 87; *Carr v. State,* 104 Ala. 4, 14; *Lowery v. State,*
98 Ala. 45, 50; *Walker v. State,* 91 Ala. 76, 79; *White
v. State,* 86 Ala. 69, 74; *De Armon v. State,* 77 Ala. 10,
15; *Starr v. State,* 25 Ala. 49, 51.

The charges set out as requested by the defendant
and refused are not shown to have been requested in
writing, nor to have been separately requested.   Imme-
diately preceding the charges as they appear set out in
the bill of exceptions is the following statement:   "The
defendant requested the following charges, which were
refused."   The bill of exceptions further shows that
each of the charges was endorsed "refused" by the trial
judge, and that an exception was reserved to the action
of the court in refusing each of such charges, but it
nowhere appears that the charges were separately re-
quested, or that they were requested in writing; and it
is necessary, to present the action of the trial court in

refusing special charges requested for review by this court, to show affirmatively by the record that the charges requested were in writing.—*Henderson v. State,* 137 Ala. 83; *Foxworth v. Brown,* 114 Ala. 299; *Bellinger v. State,* 92 Ala. 86; *Walker v. State,* 91 Ala. 76; *Ricketts v. B. S. Ry. Co.,* 85 Ala. 600; *Wheless v. Rhodes,* 70 Ala. 419; *Crosby v. Hutchinson,* 53 Ala. 5.

The record contains no error, and the case will be affirmed.

Affirmed.