21 So.2d 551

### PATE v. STATE.
5 Div. 215.

Court of Appeals of Alabama.
Jan. 16, 1945.

Rehearing Denied Feb. 13, 1945.

Paul J. Hooton, of Roanoke, for appellant.

Wm. N. McQueen, Acting Atty. Gen. and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case is stated under two counts. Appellant was convicted under the second count, which charges that he did buy, conceal, or aid in concealing one bull yearling, an animal of the cow kind.

Sammie McCormick, an admitted accomplice, testified that appellant paid him $8 to get the yearling from a pasture. This he did and delivered same to defendant, who was waiting nearby in a truck. In corroboration of this evidence the State introduced a witness who stated that he saw the yearling in a truck near the pasture and appellant was driving the truck. Defendant disavowed any connection with the crime and denied the claim of his proximity to the scene of the alleged larceny.

A jury question was clearly presented, and the affirmative charge, in appellant's behalf requested, was refused without error. Horn v. State, 15 Ala.App. 213, 72 So. 768.

It is insisted here that in several instances, in his oral charge, the trial court misstated the law applicable to the case.

No exceptions were reserved to any part of the oral charge, and therefore the complaints are not properly before us for review. Whittle v. State, 205 Ala. 639, 89 So. 43.

The prosecution in the case at bar is based on Title 14, Sec. 331, Code of 1940. This statute makes the stealing of a cow grand larceny, regardless of the value of the animal. It is, therefore, unnecessary for the State to allege or prove value. The insistence that the jury did not ascertain by its verdict the value of the yearling is of no avail. Cauley v. State, 14 Ala.App. 133, 72 So. 271.

The trial judge refused to consider twenty-six written charges tendered by counsel for appellant. The judge gave as his reason: "The following charges laid on bench by Defendant's counsel after State had made opening argument to Jury, and Defendant's counsel had made his argument and only 10 minutes left for argument. For this reason the presiding Judge has not passed on the requested charges."

The said charges are set out in the record, some of which state correct legal principles applicable to the case and they were not covered by the oral charge. That this omission on the part of the presiding judge was without authority of law cannot be questioned or doubted. Title 7, Sec. 273, Code 1940; Porter v. State, 234 Ala. 11, 174 So. 311; Vinson v. State, 10 Ala.App. 61, 64 So. 639; Jackson v. State, 24 Ala. App. 601, 139 So. 576.

The record before us does not show that an exception was reserved to this action of the primary court. We are, therefore, faced with what may appear a technical application of a well established rule, but "the known certainty of the law is the safety of all."

In the absence of an exception the inquiry is not properly before us for review. Kiker v. State, 233 Ala. 448, 172 So. 290.

A careful consideration of all questions presented by the record has brought this court to the conclusion that the judgment of the court below must be, and it is, affirmed.

Affirmed.