533 So.2d 684 (1988)
John E. BRITAIN
v.
STATE.
1 Div. 519.
Court of Criminal Appeals of Alabama.
May 24, 1988.
Rehearing Denied July 19, 1988.
Certiorari Denied October 28, 1988.
*686 Thomas M. Haas and N. Ruth Haas, Mobile, for appellant.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-1295.
McMILLAN, Judge.
The appellant was charged in a seven count indictment with one count of theft of services, in violation of § 13A-8-10.1, Code of Alabama (1975); two counts of theft by deception in the first degree, in violation of § 13A-8-3, Code of Alabama (1975); and four counts of interference with a grand jury witness, in violation of § 12-16-217, Code of Alabama (1975). Count one was nol-prossed at the request of the State. The jury returned a verdict of not guilty on counts six and seven, and a verdict of guilty on counts two, three, four and five. The Court sentenced the appellant to serve ten years' imprisonment on counts two and three, to be served concurrently, and to run concurrently with a sentence from a Baldwin County case; and three years' imprisonment for counts four and five.

I.
The appellant contends that comments made by counsel for the State during closing arguments were improper and prejudicial, thereby constituting reversible error.
As grounds for that argument, the appellant cites seven comments: as to five of them, objections were sustained; as to one, the objection was overruled, and as to the remaining one, the objection was not ruled on by the trial court. The comments as to which objections were sustained by the trial court are not properly before this Court, as there is no adverse ruling on which to base an appeal. As this Court ruled in the case of Thomas v. State, 440 So.2d 1216, 1218 (Ala.Cr.App.1983), "[i]n the case at bar there was neither a motion to exclude nor an adverse ruling and thus nothing for this court to review." See also Hill v. State, 409 So.2d 943 (Ala.Cr.App. 1981).
Likewise, the objection on which defense counsel failed to obtain a ruling is not properly before this Court, due to the absence of any adverse ruling by the trial court.
The only comment of the prosecutor properly before this Court was as follows:
"He's [the appellant] a lot better thief than he is at giving legal advice." (R. 569).
"To constitute reversible error, the statement of counsel in argument must be made as a fact which is unsupported by any evidence, and the argument must be pertinent to the issues at trial or its natural tendency must be to influence the finding of the jury." Manigan v. State, 402 So.2d 1063, 1072 (Ala.Cr.App.) (emphasis original), cert. denied, 402 So.2d 1072 (Ala.1981).
In the case sub judice, the appellant was charged with theft by deception. The State had presented evidence of the appellant's guilt and of his attempt to give legal advice. Therefore, both inferences were supported by the evidence. Additionally, there is no evidence indicating that the comments influenced the findings of the jury. "The trial judge is in a better position than an appellate court to determine whether the remark was so prejudicial as to be ineradicable." Wilson v. State, 428 So.2d 197, 200 (Ala.Cr.App.1983); Averette v. State, 473 So.2d 631 (Ala.Cr.App.1985).
Nevertheless, the appellant argues that the prosecutor's comments should be reviewed because the "cumulative nature [created] an atmosphere of prejudice which requires reversal." Lawson v. State, 377 So.2d 1115 (Ala.Cr.App.), writ denied, Ex parte Lawson, 377 So.2d 1121 (Ala.1979).
However, this Court concluded in Farley v. State, 406 So.2d 1045, 1049 (Ala.Cr. App.), writ denied, Ex parte Farley, 406 So.2d 1050 (Ala.1981), that although the prosecutor's remarks during the course of *687 the trial bordered on the improper, "since no single instance of alleged improper conduct constituted reversible error, we do not consider the cumulative effect to be any greater."
The appellant has failed to show that the allegedly improper remarks by counsel resulted in irreparable prejudice which "probably injuriously affected [his] substantial rights." See Rule 45, A.R.App.P. Therefore, the trial court's action of overruling appellant's objection did not constitute reversible error.

II.
The appellant further contends that the trial court's failure to grant his motion for judgment of acquittal resulted in reversible error, because the State had failed to sustain its burden of proof.
Counts two and three of the indictment charged the appellant with theft by deception, in violation of § 13A-8-3, Code of Alabama (1975). Witnesses for the State testified that the appellant caused false invoices for repairs to equipment at the State Docks to be submitted to, and paid by, the Alabama State Docks Department for services rendered on property belonging to the appellant.
The appellant was the supervisor of the maintenance department of the Alabama State Docks. States witness, Jerry Allen testified that he had conducted business with the appellant at the State Docks. Allen described a scheme devised by the appellant whereby the appellant would place an order with Allen for equipment needed, or for repairs to be made. Allen would process the order and quote a price to the appellant. The appellant would then tell Allen the price he wanted the invoice to specify. A "doctored" invoice would be prepared and Allen would then bill the maintenance department of the State Docks for the inflated price. Once the maintenance department approved the invoice, Allen would then take it to Hurlbert, President of Meco, Inc. (the company for which Allen worked), and Hurlburt would write a check for the amount of the inflated price in excess of the actual price. Allen further testified the check would be made out to an employee of the State Docks. The employee would be instructed to cash the check and give the cash to the appellant. Thereafter, the State Docks would pay the entire invoice amount, and then Meco, Inc., would not be out any money. The appellant not only had the State Docks pay for equipment or repairs to his personal property, but he would also receive money from the checks drawn on the account of Meco, Inc.
Additional witnesses for the State testified that the appellant would have work performed on his personal boat and instruct the workers to send the bill to the State Docks.
Stephen Leslie, president of Hydradyne, testified in this regard. He stated that he designed and built a hydraulic system for the appellant's boat. He further stated that the appellant directed him to bill the State Docks for the system. Hydradyne was paid by the State Docks for the work completed.
Several other witnesses testified to additional instances where either repairs were performed on the appellant's personal boat, or equipment was ordered for the boat, and they were instructed by the appellant to bill the State Docks for any cost involved. Exhibits were introduced indicating invoices for the aforementioned work or equipment, and documents were authenticated showing that the State Docks paid the bill; those invoices totaled in excess of $2,000.00. As specified in § 13A-8-10.1, Code of Alabama (1975), "The theft of services which exceeds $2,000.00 in value constitutes theft of services in the first degree." As to counts two and three, the State clearly presented sufficient evidence of the appellant's guilt, and no error is found in the trial court's denial of a motion for judgment of acquittal on these two counts.
The appellant also argues that the State failed to present sufficient evidence to convict him of the charges in counts four and five of the indictment. Counts four and five charged the appellant with interference *688 with a grand jury witness, in violation of § 12-16-217, Code of Alabama (1975). More specifically, the appellant was charged with willfully attempting in conversation to coerce James King to give false testimony or to withhold true testimony before the grand jury.
King testified as a witness for the prosecution. He stated that he was an employee of the State Docks and that the appellant was his supervisor. On January 8, 1980, the appellant told Allen to write a check to King. Allen did so, and the appellant then instructed King to cash the check and give him the proceeds. During the grand jury investigation of the appellant, King was called as a witness. At the trial on this matter King testified that the appellant approached him at different times and attempted to instruct him on what he should say when called as a witness during the grand jury proceedings. The appellant told King to tell the grand jury nothing. Also, he informed King that if the check was mentioned, he should tell the grand jury that King had sold Allen a Browning shotgun and that Allen wrote a check for the shotgun. King further testified he had never owned a Browning shotgun. He also stated that the appellant told him that "I [King] could mess myself up," if he talked to the grand jury. Further testimony revealed that the appellant told King "if anybody tells anything on me, I might be just like that man with the skull cap on his head, I'm going to get out one day." King stated he felt threatened by the appellant's comments. He also stated he did not follow the appellant's instructions when he testified during the grand jury proceedings. Section 12-16-217, Code of Alabama (1975), states, inter alia:
"No person shall willfully by any means whatever, directly or indirectly, conditionally or unconditionally, obstruct, impede, or prevent or attempt or endeavor or obstruct, impede or prevent any person summoned, subpoenaed or called to testify before any grand jury of this state...."
The record reveals that the State presented sufficient evidence by which the jury could reasonably infer that the appellant attempted to interfere with a grand jury witness.
This Court will not disturb a verdict of conviction on the grounds of insufficiency of the evidence, "unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.1979)." Wicker v. State, 433 So.2d 1190, 1198 (Ala.Cr.App.1983).
Thus, no error is found in the trial court's denial of the appellant's motion for judgment of acquittal.

III.
The appellant contends that his motion for judgment of acquittal was due to be granted on the two counts of theft by deception because, he argues, the statute of limitations had elapsed. This Court recently addressed the same issue in Britain v. State, 518 So.2d 198 (Ala.Cr.App.1987), wherein the Court stated in an opinion by Presiding Judge Bowen:
"The statute of limitations for theft is three years, § 15-3-1, Code of Alabama, (1975), unless the prosecution is `for conversion of the State ... revenue, in which case the statute of limitations is six years. § 15-3-3."
In the case sub judice, the State presented evidence indicating that the appellant used State money to pay for supplies and parts installed in his personal boat. Therefore, the character of the money involved being the determinable factor in deciding which statute of limitations to apply, the Court properly denied the appellant's motion for judgment of acquittal on the aforestated ground and no error is found in that denial.

IV.
The appellant further argues that the Court's refusal to grant his motion to strike the testimony of Jerry Allen resulted in reversible error. The appellant contends that Allen's testimony should have been stricken because it was irrelevant and concerned *689 matters on which the statute of limitations had run.
The appellant was charged with four counts of interference with a grand jury witness. More specifically, inter alia, he was charged with attempting to induce Allen to give false testimony to the grand jury. Allen testified as to activities of a "scheme" in which he and the appellant had been involved. The activities surrounding this "scheme" occurred beyond the period of the statute of limitations. However, the testimony regarding these activities were relevant to the charged offense in the State's effort to illustrate the appellant's motive for inducing Allen to give false testimony.
Thus, no error is found in the trial court's refusal to grant appellant's motion to strike the testimony of Jerry Allen.
"What is relevant is a matter ordinarily within the discretion of the trial court. Unless such discretion is abused, it will not be considered error on appeal. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979); Ott v. Fox, 362 So.2d 836 (Ala. 1978); Donaldson v. Buck, 333 So.2d 786 (Ala.1976); State Farm Mutual Auto Insurance Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974); Alabama Music Co. v. Nelson, 282 Ala. 517, 213 So.2d 250 (1968)." Dawkins v. State, 455 So. 2d 220, 222 (Ala.Cr.App.1984).
This Court finds no abuse of discretion in the trial court's refusal to grant appellant's motion to strike the testimony of Jerry Allen; thus no error is found.

V.
The appellant further argues that the trial court erred to reversal in refusing to give written requested jury charges numbered 2, 9, 10, 11, 12, 13, and 14 in its instructions to the jury.
The appellant states that his requested charges numbered 9 through 14 were based on those given in United States v. Brand, 775 F.2d 1460 (11th Cir.1985). In that case, the appellants were convicted of obstructing justice under the federal Obstruction of Justice Act, 18 U.S.C. § 1503. Based on Brand, he contends, that these charges should have been given as they related to the charges against the appellant for interference with a grand jury witness.
"Merely lifting language from an appellate opinion does not insure its acceptability as a correct instruction to the jury. Tate v. State, [337 So.2d 13 (Ala.Cr. App.) ] (1976); Knight v. State, 273 Ala. 480, 142 So.2d 899 (1962); Lakey v. State, 258 Ala. 116, 61 So.2d 117 (1952). Each charge must be considered in light of the evidence in the case in which it is requested." Self v. State, 420 So.2d 792, 797 (Ala.Cr.App.1981) rev'd on other grounds, 420 So.2d 798 (Ala.1982), on remand, aff'd, 420 So.2d 803 (Ala.Cr.App. 1982).
Requested charges 9 through 14 were properly refused, because they were incorrect statments of the law. The requirement of proof regarding the federal obstruction of justice statute differs from that regarding this State's statute on interference with a grand jury witness. That is, the statute under which the appellant was prosecuted does not require proof of a corrupt motive. Requested charges based upon the former of the two are not considered per se, correct jury charges.
"The trial court may validly refuse requested charges if they constitute incorrect statements of the law or are too vague to constitute a completely correct statement of the law ... It is also well settled that the court may refuse to give a requested charge if such charge has been adequately covered in the court's oral charge." Smith v. State, 51 Ala. App. 527, 528, 287 So.2d 238 (Ala.Cr.App. 1973).
Requested jury charge number two was refused. However, the content of said charge was deemed to be repetitive of another charge, which the court gave. The charge was fairly and adequately covered in the trial court's oral charge by virtue of the other requested charge that was allowed.
"[R]efusal of a correct charge is not error if the same rule of law was substantially and fairly covered in the court's *690 oral charge." Maddox v. State, 370 So. 2d 1111, 1114 (Ala.Cr.App.1979). See also; Annotation to § 12-16-13, Code of Alabama (1975), and cases cited therein; Ingram v. State, 356 So.2d 761, 764 (Ala. Cr.App.1978), and Sasser v. State, 494 So.2d 857 (Ala.Cr.App.1986).
The appellant argues that counts 1 through 5 were amended by the court when given to the jury. The record is devoid of any such evidence. The charges were paraphrased, but they were not amended to any extent that resulted in prejudice to the appellant.
Thus, no error is found in the trial court's refusal to give charges 9 through 14, and no error is found in the overall jury instructions.

VI.
The appellant further argues that the trial court's act of vacating its order granting his motion for a new trial was error.
The appellant was sentenced on April 3, 1987. He filed a motion for a new trial on May 4, 1987. The motion was heard by the court on July 1, 1987. The Court granted the appellant's motion at that time. Subsequent thereto, the State filed a motion requesting that the Court vacate its order or grant a rehearing of the motion. In support of its motion, the State contended, inter alia, that it had received no notice of any hearing on the appellant's motion for a new trial. On July 7, 1987, the Court vacated its prior order granting the new trial. Appellant now contends that as of July 1, 1987, the Court lost its power to vacate its own order.
However, as this court stated in Carter v. State, 435 So.2d 137, 141 (Ala.Cr.App. 1982):
"[I]t cannot be disputed that courts of record have the inherent power to set aside and vacate their orders and judgments, although a judge should not merely `change his mind' without sufficient cause or reason. Bice v. Jones, 45 Ala. App. 709, 718, 236 So.2d 718, cert. denied, 286 Ala. 733, 236 So.2d 727 (1970)."
The facts before the Court indicate the State was not represented at the initial hearing in which the trial court granted appellant's motion for a new trial. Thereafter, upon notification from counsel for the State, the Court vacated its original order due to the State's argument and its lack of notice of the prior hearing. It is clear that the judge did not "merely change his mind without sufficient cause or reason." Id. at 141. No error is found in the trial court's action of vacating its order granting the appellant's motion for a new trial.

VII.
The appellant further argues that the "jury verdict of guilty was wrong, [and] unjust and constitutes reversible error." The appellant simply reiterates his argument as presented in Part II, in which he contends that the State failed to present sufficient evidence to convict him. Having previously disposed of that argument, we see no need for further analysis. No error is found in the jury's verdict.

VIII.
Additionally, the appellant contends that he was denied a fair trial because of "pre-trial publicity." The record discloses no motions for change of venue, nor anything else indicating that this issue was properly preserved.
"Without an objection to the trial court's action and an adverse ruling thereon, or an objection to the failure of the trial court to rule, nothing has been preserved for our review. Kiker v. State, 233 Ala. 448, 172 So. 290 (1937); Gaddis v. State, 39 Ala.App. 68, 94 So.2d 228 (1957); Rogers v. State, 36 Ala.App. 602, 61 So.2d 249 (1952); Pate v. State, 32 Ala.App. 22, 21 So.2d 551, cert. denied, 246 Ala. 521, 21 So.2d 552 (1945)." Hill v. State, 409 So.2d 943, 945 (Ala.Cr.App. 1981).
AFFIRMED.
All the Judges concur except TYSON, J., dissenting with opinion.
*691 TYSON, Judge, dissenting.
While I concur in the majority opinion of this court as to handling of issues two through eight, I must respectfully dissent from the majority opinion insofar as it affirms the cause and concludes that the closing argument was not reversible error.
As noted in the majority opinion, there were instances where the objection was sustained and there was no further motion by defense counsel such as motion to exclude or motion for mistrial.
However, in my judgment, the cumulative effect of the argument, as made, created an atmosphere of bias and prejudice which could not be eradicated by orders of the trial judge. In my judgment, the prejudicial closing argument as shown by the record is as follows and constitutes reversible error:
"These improper and prejudicial comments included:
"1. `And we got to show you what John Britain was really like in his own environment, what kind of thug he is. (R. 567)'
"The objection was sustained.
"2. `Not rehearsed by his lawyer to testify, but out in his own environment.'
"(referring to the taped conversations) (R. 567).
"The objection was sustained.
"3. `You heard words like [referring to the taped conversations] it, man, the statute of limitations has run. Now, statute of limitations is very simple. It says if you don't catch somebody before the statute runs they get a free crime. (R. 567-568).'
"The objection was sustained.
"4. `He's [the appellant] a lot better thief than he is at giving legal advice. (R. 569).'
"The trial judge overruled the objection but instructed Mr. Valeska to `get to arguing the evidence.' (R. 569)."
"5. `He [the appellant] is going to take advantage of the people that are trying to do business out there at the Docks. And you heard those words. And I think probably living in this town most of y'all understand it anyway. But they're words like kickback, middleman. What does that imply to you? (R. 570).'
"Upon an objection, the judge instructed Mr. Valeska to `just argue the case.' (R. 570)."
"6. `And let me say this about character witnesses. Some of them are probably as fine a person as you will find in this state or this country and I have no quarrel with them. But if you'll just look back in history for a minute, you can imagine what type character witnesses Judas could have gottenthe night before. (R. 572).'
"The objection was sustained.
"7. `And let me tell you this, if you think that F.B.I. agent [George Hunter] resigned to go sell alarms, you will buy that bridge across Baldwin County. (R. 573).'
"The objection was sustained and the trial judge stated to Mr. Valeska `You can't argue something that hasn't been testified to at all.' (R. 573)."
"`There are three situations wherein improper arguments of counsel may be the basis for reversal:
"... The first of which is an argument which is so grossly improper and highly prejudicial as to be ineradicable by proper ruling of the judge ... Second, is argument which in its cumulative effect creates an atmosphere of bias and prejudice which no remarks by the trial court could eradicate.... It differs from the first type of improper argument in that no single remark would be sufficient justification for reversal. Instead, the cumulative nature of the remarks creates an atmosphere of prejudice which requires reversal. Finally and obviously, is prejudicial argument which the judge fails to rule on properly. (Citations omitted)." Scott v. State, 47 Ala.App. 509, 512, 257 So.2d 369 (1972).'
"Lawson v. State, 377 So.2d 1115, 1119 (Ala.Crim.App.), writ denied, 377 So.2d 1121 (Ala.1979).
"This case is a situation where the improper argument of counsel for the State is *692 basis for reversal due to the cumulative effect creating `an atmosphere of bias and prejudice which no remarks by the trial court could eradicate.' Id."
"`In dealing with a similar matter the Supreme Court in Blue v. State, 246 Ala. 73, 19 So.2d 11 [1944], said:
"In determining the question before the court, we do not think that each of the above statements must be analyzed separately to see whether or not, if standing alone, it would create an ineradicable bias or prejudice. We think, on the contrary, that these various statements should be considered together to determine whether or not, in their cumulative effect, they created a prejudicial atmosphere. It may be that some of the statements of the solicitor were replies in kind to statements made by counsel for the defendant, and we fully recognize, as said in Arant v. State, 232 Ala. 275, 167 So. 540, 544 [1936], `a trial is a legal battle, a combat in a sense, and not a parlor social affair.' The record shows that the presiding judge exercised great patience and in most of these incidents did what he could to disabuse as far as possible the minds of the jury of any prejudicial impression; but it is our duty to see to it that trials are free from prejudice and passion and that the courthouse means that where a conviction is obtained, it is obtained in any impartial atmosphere. The foregoing remarks were made in the presence of the jury. Considering them in their cumulative effect, we think that they were calculated to inject the poison of bias and prejudice into the minds of the jury. They created an atmosphere of bias and prejudice which no remarks by the court could eradicate. This is not justice and prejudicial error has been shown. Kabase v. State, 244 Ala. 182, 12 So.2d 766 [1943]."`
"Bezotte v. State, 358 So.2d 521, 527 (Ala. Crim.App.1978)."
The closing argument by the prosecution was so prejudicial that this appellant was tried in an atmosphere at odds with due process of law. The cumulative effect could not be corrected. Accordingly, this case is due to be reversed and remanded for a new trial.