TYSON, Judge.
Tony Murray was indicted for capital murder. § 13A-5-40(a)(2), Code of Alabama 1975. The jury found the appellant guilty of felony murder. He was sentenced as a habitual felony offender to life imprisonment. His motion for a new trial was overruled.
Herman Ford III was working as a security officer at Bowlo-Mac bowling lanes in Birmingham on March 20, 1989. At approximately 10:45 p.m., Mr. Ford came to the front desk, saying that he had been shot. The assistant manager of Bowlo-Mac, Carl Underwood, testified that he asked the victim who shot him. The victim’s response was, “a boy in red with jewelry.” Mr. Underwood also noticed that the victim no longer had his gun.
Andy Hudson, a mechanic for Bowlo-Mac, testified that he was working on the night of the shooting. Mr. Hudson testified that as the victim told Mr. Underwood he had been shot, he fell backwards. Mr. Hudson testified that another person asked the victim who shot him, and the victim responded by saying a black male dressed in red wearing gold chains. Mr. Hudson then testified that he had seen the appellant at the bowling lanes dressed in a red suit and gold chains.
A group of four men, Jermaine Cren-shaw, Jermaine Snow, Dewayne Boyd and Antonio Thomas, went with the appellant to the Bowlo-Mac on March 20, 1989. The appellant drove. The appellant picked up *921 one friend, Antonio Thomas, who had a .32 caliber automatic pistol. The pistol was placed in the trunk of the appellant’s automobile.
The group went to Bowlo-Mac. Three members of the group testified that the appellant had on a red jogging suit. Jermaine Snow testified that the appellant told him to go get the gun. Jermaine Snow took the gun to the appellant in the bathroom. The appellant then told Snow to take the car around the corner. Snow gathered the group, drove around the corner and waited in the car for the appellant. After five minutes the appellant came to the car.
Jermaine Crenshaw testified that the appellant said he had gotten the security guard’s gun and had shot him. Then the appellant said, “Don’t tell anybody.” They then drove to appellant’s mother’s house.
Antonio Thomas testified that appellant gave him his gun back. The appellant told Antonio he had one now. Jermaine Snow also testified that he saw appellant give Antonio his gun back. Thomas subsequently gave the pistol to Jermaine Underwood.
Police Officers Tim Craig and Mary Little Murphy were on patrol in the Norwood Collegeville area of Birmingham on the night of the incident. They saw three or four black males. One of them, Jermaine Underwood, had a silver, shiny object in his waist belt. The gun was a .32 caliber automatic pistol. Underwood was placed under arrest. Underwood told the officers he had gotten the gun from Antonio Thomas.
Firearms expert David L. Higgins testified that he received a bullet (State’s Exhibit 26) from Dr. Simmons with the Jefferson County Medical Examiner’s Office. Mr. Higgins also received a pistol (State’s Exhibit 22A) that had been test-fired by Sergeant Harrison of the Birmingham Police Department. In his opinion State’s Exhibit 26 had been fired through the barrel of State’s Exhibit 22A.
Dr. Travis Foster testified that the gunshot wound created numerous problems for the victim including the inability to breathe. The victim was placed on a ventilator and was never removed from the surgical intensive care unit during the six weeks before he died.
Dr. Gary Simmons performed an autopsy on the body of the victim and determined that he had died from complications secondary to the gunshot wound to the abdomen.
I
The appellant’s first contention is that the trial court abused its discretion in denying his motion for a continuance in order to seek and secure the testimony of an absent exculpatory witness.
Before trial, a continuance hearing was held. The appellant explained that a crucial witness could not be located. The appellant’s attorney said he had spoken with the witness earlier. The substance of the witness’s statement was that a boy named Dewayne told him that the appellant had been framed. The boy said, "That Snow, Little Tony, and some more guys had set him up.” The trial court denied the motion for continuance, but offered its services in conjunction with the sheriff’s office to try to effect service on the witness.
At the end of the State’s case, the witness showed up at court. He talked with the appellant’s counsel and told them he was afraid to testify. The court said the witness knew he was to be in court the next day at 9:00 a.m. for the defense. The appellant’s counsel moved for a mistrial in the event the witness did not show up on time the next day to testify. The court denied the motion. The following day the witness did not show up to testify at the appointed time.
This court has stated the rule to be:
“ ‘In general, motions for continuance in criminal cases are matters within the discretion of the trial court.... The measure of impropriety which must be shown by an appellant to hold the court in error for denial of a motion for continuance of a criminal trial is gross abuse.’ Richardson v. State, 476 So.2d 1247 [at 1248] (Ala. Crim.App.1985) (citation omitted).’
*922 “Frazier v. State, 528 So.2d 1144 (Ala. Cr.App.1986). See also Beauregard v. State, 372 So.2d 37 (Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala.1979). ‘A reversal of a conviction because of the trial court's refusal to grant a continuance requires “a positive demonstration of abuse of judicial discretion.” ’ Young v. State, 469 So.2d 683, 687 (Ala.Cr.App. 1985). That above rule ‘clearly applies to cases where the continuance is sought due to an absent witness.’ Id., at 687, citing Bailey v. State, 398 So.2d 406 (Ala. Cr.App.1981); Weaver v. State, 401 So.2d 344 (Ala.Cr.App.1981); and Pritchett v. State, 445 So.2d 984 (Ala.Cr.App.1984).”
In Anderson v. State, 542 So.2d 292, 297-98 (Ala.Cr.App.1987), cert. quashed, 542 So.2d 307 (Ala.1989), this court further explained the rule as to an absent witness:
“The general rule is that ‘[a] movant [for a continuance] must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witness is available and willing to testify, and that the denial of a continuance would materially prejudice the defendant.’ United States v. Uptain, 531 F.2d 1281, 1287 (5th Cir.1976).”
“Goodwin v. State, 516 So.2d 818 (Ala. Cr.App.1986).”
In the present cause the witness showed up in chambers, but was afraid to testify. The witness did not show up the following day when he was scheduled to testify. The fact that the witness was not willing to testify was beyond the trial court’s control. The trial court did not abuse its discretion in denying the motion for continuance.
II
The appellant next contends that the trial court committed reversible error in failing to detain and confine an exculpatory witness after a specific request to do so was made by the appellant. The appellant further contends the court erred by not granting a mistrial for failing to confine the witness.
The appellant argues that the State should have been compelled to confine the witness to ensure his presence in court. The record reflects that the witness was found and that he talked with the judge and lawyers in chambers on the day prior to the defense putting on its case.
The Alabama Supreme Court in Jarvis v. State, 220 Ala. 501, 126 So. 127 (1930) stated the following:
“In Amendment 6 to the Constitution of the United States are provisions, as in our section 6 of the Constitution of Alabama, to the effect that in criminal prosecutions the accused [has the right to] ‘be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor,’ etc. The right of attachment is not absolute and unqualified under all circumstances, but an application for continuance for execution of attachment is addressed largely to or rested in the sound discretion of the court, dependent upon the facts. 16 C.J. pp. 457, 458, §§ 460, 829, 830, 850, 854, and 855; Richardson v. State, 191 Ala. 21, 24, 68 So. 57; Sanders v. State, 181 Ala. 35, 49, 51, 61 So. 336; Gilbert v. State, 2 Ala.App. 94, 57 So. 127. That is to say, in the exercise of the right of attachment and extraordinary compulsory process to compel personal attendance, after ordinary compulsory process of subpoena is accorded, a large discretionary power is given the court, as to putting the adverse party on a showing for such absent witness, or in granting an application for a continuance for the issue and execution of an attachment. The court is not bound to order attachment ex mero motu, on failure of a witness to appear in answer to summons; it is only after the witness is ‘in contempt,’ and the ‘propriety and necessity of the process is shown.’
“The United States Constitution Ann. (Corpus Juris System) 1924, p. 189; 16 C.J. p. 457 et. seq., § 829 et seq.; Gilbert v. State, 2 Ala.App. 94, 57 So. 127, and authorities and section 6, Constitution of Alabama, p. 25, extend to ‘ordinary process’ or subpoena for witnesses and proper showing therefor if absent and not in *923 contempt. Childress v. State, 86 Ala. 77, 5 So. 775; Walker v. State, 117 Ala. 85, 23 So. 670; Winter v. State, 123 Ala. 1, 10, 26 So. 949; Martin v. State, 125 Ala. 64, 28 So. 92.”
See also Lyons v. Lyons, 279 Ala. 329, 185 So.2d 121 (1966).
Furthermore, this court in Pollard v. State, 358 So.2d 778 (Ala.Cr.App.), cert. denied, 358 So.2d 782 (Ala.1978) held that the trial court did not err in denying appellant’s request for an attachment to ensure the attendance of a psychiatrist. Also, in Magwood v. State, 426 So.2d 918, 927 (Ala. Cr.App.1982), aff'd, 426 So.2d 929 (Ala. 1983) this court held that it was not error for the trial court not to issue a bench warrant to require a doctor to appear to testify in the defendant’s behalf.
In this cause the appellant’s counsel talked with this witness prior to trial. Counsel could have taken a deposition of the witness.
The court did not commit error in failing to confine the witness.
Ill
The appellant’s next contention is that the trial court erred in failing to grant a mistrial because of the prosecutor’s alleged misconduct while cross-examining a defense witness.
The complained of error is found in the record as follows:
“Q What is this shirt you’re wearing?
“A Raiders.
“Q Raiders. Do you have a hat that matches that?
“A Yes.
“Q Does it say anything on it?
“A Raiders.
“Q Raiders. Isn’t it a fact, Mr. Sparks, that the Raiders is the symbol of the Disciples youth ‘gang.’
“MR. L. SHEFFIELD: Your Honor, I’m going to ask for a mistrial. He stood up here and objected when I tried to bring up the word ‘gang.’
“He deliberately asked this man a question, and he knows full well — I don’t care what the street gang has got — anybody
with reasons for sense knows that the Oakland Raiders is a professional football team.
“And I resent — I resent—
“THE COURT: I’ll sustain the objection to the question.
“MR. L. SHEFFIELD: —that tactic on his part. Trying to imply that this young man is a member of a gang in this town. If he has got some proof it, let him bring them in here and say it.
“MR. STREET: Your Honor, he’s objecting—
“MR. L. SHEFFIELD: —I'm objecting, and I resent it, and I think it’s rotten pool.
“THE COURT: I said ‘sustained.’
“MR. STREET: No further questions. “MR. L. SHEFFIELD: Come on down here, Markteez — wait just a second.”
(R. 1058-59)
The comments as to which objections were sustained by the trial court are not properly before this court, as there is no adverse ruling on which to base an appeal. As this court ruled in the case of Thomas v. State, 440 So.2d 1216, 1218 (Ala.Cr.App. 1983), because there was neither a motion to exclude nor an adverse ruling there is “nothing for this court to review.” See also Britain v. State, 533 So.2d 684, 686 (Ala.Cr.App.1988).
The appellant further argues that the question was so prejudicial as to warrant a mistrial. There is no indication in the record that the appellant’s attorney asked for any relief from these remarks by way of a motion to exclude or a motion for the jury to disregard. Here, the trial court sustained the appellant’s objection to this type of question, but overruled his motion for a mistrial. There was no request for any additional curative action by the trial court. Because the trial court sustained defense counsel’s objections, we find no basis for reversible error.
IV
Last, the appellant argues that the evidence was not sufficient to support the conviction. The appellant contends that *924 the evidence adduced by the State to support the appellant’s conviction could have been reconciled with the theory that the crime was committed by other individuals.
This court stated in Linzy v. State, 455 So.2d 260 (Ala.Cr.App.1984):
“The standard of review in determining sufficiency of evidence is whether evidence existed at the time appellant’s motion for acquittal was made, from which the jury could by fair inference find the accused guilty. Stewart v. State, 350 So.2d 764 (Ala.Cr.App.1977); Hayes v. State, 395 So.2d 127 (Ala.Crim. App.), writ denied, Ex parte Hayes, 395 So.2d 150 (Ala.1981). Stated differently, the test is ‘whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis, but whether a jury might reasonably so conclude.’ Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971). In deciding this issue, we are required to view the evidence presented in the light most favorable to the state. Hayes, supra; Bass v. State, 55 Ala.App. 88, 313 So.2d 208 (1975).
“ ‘Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury and not the court.’ Cumbo, supra; Cannon v. State, 17 Ala.App. 82, 81 So. 860 (1919). Our function is not to be factfinders, however tempting that may sometimes be. We must not substitute ourselves for jurors, nor play their role in the criminal process. Jury verdicts should not be disturbed unless they are not based upon evidence sufficient to meet the test set out above.”
Linzy, at 262.
After our review of the record, we find that sufficient evidence existed from which the jury might have reasonably excluded every reasonable hypothesis other than that of the appellant’s guilt in this cause.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.